## ACME FLOUR MILLS et al. v. BRAY et al.

No. 29107.   Oct. 10, 1939.

Butler, Brown & Rinehart, of Oklahoma City, for petitioners.

John Russell Whitney, of Oklahoma City, and Mac Q. Williamson, Attorney General, for respondents.

PER CURIAM. This is an original action in this court brought by Acme Flour Mills, hereafter referred to as petitioner, and its insurance carrier, to obtain a review of an award made by the State Industrial

Commission in favor of Ossie James Bray, hereinafter referred to as respondent.

The award was for a temporary total disability and was predicated upon the following findings of fact:

"That on the 16th day of February, 1938, the claimant herein while in the employ of the respondent and while engaged in a hazardous occupation coming within the terms and meaning of the Workmen's Compensation Law, sustained an accidental personal injury arising out of and in the course of such employment, said injury being to the groin.

"That the claimant's average weekly wage at the time of said accidental injury was $20 per week, entitling him to compensation at the rate of $13.37 per week.

"That as a result of said accidental injury the claimant was temporarily totally disabled from February 21, 1938, less the 5-day waiting period, to April 2, 1938, being 5 weeks and 1 day beyond the 5-day waiting period."

The petitioner assigns a number of specifications of error and illegality in said award, and we find it necessary to consider only one contention which, in substance, is that the above quoted findings as made by the Industrial Commission are unsupported by any competent evidence in the record. The evidence of respondent discloses the fact that he was suffering from an acute attack of gonorrhea on February 16, 1938, and that he strained himself while helping an electrician repair a motor; that respondent reported to his employer and was sent to a physician for examination and treatment; that this physician in turn placed him under the care of Dr. Brown. That examination revealed the fact that respondent was suffering from an acute attack of gonorrhea with accompanying epididymitis (an inflammation of the epididymis—an elongated mass at the back of the testicles composed chiefly of the convoluted efferent tubes of that organ); that an operation was indicated for relief of the condition, and that the same was performed by Dr. Brown and respondent returned to his work about May 10, 1938, and continued in such employment until September 15, 1938, when he voluntarily quit work and filed a claim with the State Industrial Commission wherein he sought compensation for a strained back and rupture on both sides. The only medical evidence offered by the respondent was a statement from Dr. C. C. Shaw, wherein, as the result of an examination made on December 8, 1938, and a history given him by the respondent and which made no reference to the acute attack of gonorrhea, this doctor was of the opinion that respondent had "sustained an injury in the way of a strain involving the cord and vessels of the scrotum necessitating an operation which was performed, and that as a result of the injury and operation he has a temporary disability for 60 days and thereafter a 10 per cent. permanent partial disability to do manual labor." The witness did not testify that respondent had an injury to his groin as found by the commission, but, on the contrary, testified that respondent had a strain which involved the cord and vessels of the scrotum. This opinion of the witness appears to have been based entirely upon a history given him by the respondent and which admittedly did not completely, correctly, and fully advise the witness with respect to respondent's condition at the time of his alleged injury, and hence his opinion, being based upon a faulty premise and without a consideration of all the factors involved, had no probative value, as the respondent had the burden of establishing his claimed disability by the testimony of skilled and professional persons. St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170; Shepard v. Crumby, 146 Okla. 118, 293 P. 1049; Magnolia Pet. Co. v. Clow, 163 Okla. 302, 22 P.2d 378. Since the evidence of the only competent witness who appeared for the respondent was insufficient to sustain the burden which rested upon the respondent and to support the findings of fact as made by the Industrial Commission, which were material to the award, the award is erroneous as a matter of law and must be vacated by this court. Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P.2d 777.

Award vacated.

WELCH. V. C. J., and RILEY, OSBORN, CORN, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, C. J., and GIBSON, J., absent.