BLACK, SIVALLS, & BRYSON, Inc., v. RHONE et al.

No. 32977.  July 1, 1947.

Rehearing Denied Sept. 16, 1947.

*184 P. 2d 769.*

Gilliland, Ogden, Withington, Shirk & Vaught, of Oklahoma City, for petitioner.

S. J. Clay, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., and respondents.

PER CURIAM. This is an original proceeding brought in this court by petitioner, Black, Sivalls & Bryson, Inc., own risk carrier, to review an award of the State Industrial Commission awarding compensation to respondent, C. C. Rhone.

This is a second appeal. The first appeal was taken by petitioner from an order of the commission directing continued payments for temporary total disability. We sustained the order. 197 Okla. 347, 170 P. 2d 538. Upon return of the mandate from this court the matter came on to be further heard before a trial commissioner on application of the respondent to determine the extent, if any, of permanent disability.

The trial commissioner found that on July 25, 1945, respondent, while in the employ of petitioner, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to the back and left leg; that as a result of said injury he sustained temporary total disability from July 25, 1945, to April 25, 1946, and awarded him compensation for such disability in the sum of $798. The trial commissioner further found that as a result of said accidental injury he sustained a total permanent disability to his body as a whole and upon such finding entered an award in favor of respondent awarding him compensation in the sum of $10,500, or 500 weeks at $21 per week, less $798 theretofore paid for temporary total disability.

This award was vacated on appeal to the commission en banc.

The commission found that by reason of the accidental injury sustained by respondent on July 25, 1945, he sustained 65 per cent permanent partial disability to the body as a whole and entered an award in favor of respondent for compensation in the sum of $6,825 or 325 weeks at $21 per week.

Petitioner contends that there is no competent evidence to sustain the award. The evidence taken at the first hearing was by agreement of the parties made part of the record in this proceeding. Respondent at that hearing, in substance, testified: that on the 25th day of July, 1945, while in the employ of the petitioner, he sustained an injury to his back and leg when he fell from the top of a sand blast house while he was engaged in oiling machinery then being operated; that there was situated on the floor immediately below him a blower which was constructed of steel and that the blower had a flange about two feet in length across the top which had a sharp edge that in falling he struck his back and hip against the sharp edge causing the injury as above stated; that by reason of the injury he was incapacitated from doing ordinary manual labor. At the present hearing he further testified that his condition had not improved and that he is still by reason thereof unable to do or perform ordinary labor.

Dr. Moore at the first hearing testified that he had obtained a history of the case from respondent; that he had examined him on several different occasions and found that respondent had sustained a concussion and possible strain to the lumbar region of his back; that his examination revealed a moderate left sciatic; that it also revealed a tenderness over the left sciatic nerve; that in his opinion respondent was then temporarily totally disabled and that such disability was due to the injury sustained on July 25, 1945. Dr. Moore at the present hearing testified that subsequent to his former testimony and subsequent to the former hearing he had again on several occasions examined respondent and stated that in his opinion respondent was still totally disabled

and that his condition in all probability would never improve. Dr. Moore in this respect was corroborated by Dr. Boatright.

There is medical evidence to the contrary. Several physicians testified that respondent by reason of the accident of July 25, 1945, sustained only a slight disability; that he had completely recovered therefrom; that he is not permanently disabled and is able to do and perform any ordinary manual labor.

Petitioner further contends that the medical experts who testified and expressed their opinion that respondent by reason of the accidental injury of July 25, 1945, sustained a permanent disability to his body as a whole based their opinion largely upon an inaccurate and false history of the case given them by respondent and their evidence for this reason should have been excluded and disregarded by the commission as being without probative value and that there is, therefore, no competent evidence to support the award. Petitioner introduced some evidence tending to support such contention. This evidence, however, was denied and contradicted by respondent and other witnesses. When the evidence is taken and considered as a whole, we cannot say that petitioner made such a conclusive showing in support of its contention in this respect as would justify us in holding as a matter of law that the challenged evidence should have been excluded and disregarded by the commission as being without probative value.

While the evidence is conflicting, it is nevertheless sufficient to sustain the award. We have repeatedly held that this court in reviewing an award of the State Industrial Commission will not review conflicting evidence for the purpose of determining its weight and value nor will it disturb an award supported by competent evidence.

Award sustained.

HURST, C.J., and RILEY, BAYLESS, WELCH ,CORN, and GIBSON, JJ., concur.