SEVEN–UP BOTTLING COMPANY OF ADA, and Casualty Reciprocal Exchange, a Corporation, Petitioners,

v.

Cleburne E. STANDIFER and the State Industrial Commission, Respondents.

No. 37801.

Supreme Court of Oklahoma.

Jan. 14, 1958.

Kerr, Lambert, Conn & Roberts, by R. Burl Harris, Ada, for petitioners.

Dick Bell, Seminole, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Vice Chief Justice.

On March 24, 1956, Cleburne E. Standifer, respondent herein, filed a claim for compensation against Seven-Up Bottling Company of Ada, petitioner herein, and its insurance carrier, Casualty Reciprocal Exchange, a corporation, hereinafter referred to as insurance carrier, in which he states that on March 21, 1956, while in the employ of petitioner he sustained an accidental injury consisting of an injury to his lower back resulting in some disability to his person. The injury occurred when he became involved in a traffic accident. The

trial judge, at the close of the evidence, after finding that on March 21, 1956, respondent sustained an accidental injury arising out of and in the course of his hazardous employment with petitioner consisting of an injury to his lower back; that as a result of said injury he was temporarily totally disabled from March 22, 1956, up to May 9, 1956, for which period of time he has been paid temporary total compensation and on which date temporary total disability ended, further found that as a result of said injury respondent has sustained a ten percent permanent partial disability to his body as a whole for which he is entitled to compensation for 50 weeks at $28 per week, or the total sum of $1,400, and upon such finding entered an award in favor of respondent accordingly, and directed that it be paid in a lump sum which was sustained on appeal to the Commission en banc.

Petitioner and insurance carrier bring the case here to review this award, and contend that it is not supported by the evidence, and is contrary to law.

It is stipulated that on March 21, 1956, respondent, while in the employ of petitioner and engaged in the course of his employment, sustained an accidental injury consisting of an injury to his lower back; that the employment in which he was then engaged was hazardous within the meaning of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq.; that the accident occurred when he became involved in a traffic accident; that he was paid temporary total compensation up to the date of hearing, and that no further temporary· compensation is due and that all medical expenses have been paid; that the only question presented for determination is the extent, if any, of permanent disability he has sustained as a result of said injury.

Respondent, in substance, testified that at the time he sustained his injury he was employed as a truck driver for petitioner; that the injury occurred when he became involved in a traffic accident; that the truck which he was driving collided with another automobile driven by a third party. He informed petitioner of his injury, and was taken to a clinic in Ada where he was examined and received treatment at the hands of Dr. O. He was under the care of said doctor and Dr. R until May 8, 1956, when he was released and returned to work for a short time when the pain, as the result of his injury, became so severe as to render it impossible for him to continue to do the work he had been doing; that he received a subsequent injury in November 1956 to his hip while working for another employer doing odd jobs; that he filed a claim for such injury and thereafter settled such claim with the employer's insurance carrier for the sum of $280.

The proceedings relative to this claim do not appear in the record. Counsel in their brief, however, state that the claim for such injury was settled on joint petition settlement for the sum of $280.

The medical evidence consists of the evidence of three doctors. Dr. J, in his report, which was admitted in evidence subject to the right of counsel for petitioner and insurance carrier to later cross-examine, states that he obtained a history from respondent to the effect that on March 21, 1956, he became involved in a traffic accident and as a result of that accident he sustained an injury to his lower back. Based upon that history, and on his own examination the doctor expressed the opinion that as a result of said injury respondent sustained a twenty-five to thirty percent permanent partial disability to his body as a whole.

On cross-examination the doctor testified that respondent gave him no history of having sustained a subsequent injury in 1956, and further testified:

"Then, if he did, Doctor, receive an injury to his back on December 6, 1956, (evidence shows November) is it possible that the condition you found could have been caused by such a back injury?

"That would depend, all together, on the type of injury he received. I will

read you the history I have here, if you want it, that he gave me.

"Well, is that the same history, Doctor, that appears on the first page of the report of February the fourth?

"That is right.

"Then, the report you gave under date of February 4, 1957 was based entirely upon your examination of January 17, 1957?

"Upon the history and the physical and x-ray examinations at that time."

Several other doctors, in their written reports, stated that in their opinion respondent has sustained no permanent disability as a result of the accident occurring on March 21, 1956.

It is the contention of petitioner and insurance carrier that the only evidence offered by respondent to sustain the award consists of evidence of Dr. J; that the evidence of Dr. J is based partly upon an inaccurate and incomplete history of the case furnished him by respondent, and that therefore his evidence should be disregarded as being without probative value and in support thereof cites Acme Flour Mills v. Bray, 185 Okl. 516, 94 P.2d 828, and similar cases. In that case we held:

"Testimony of an expert witness based upon a history admittedly incomplete and inaccurate has no probative value."

There is no competent evidence in this case tending to establish that respondent, as the result of his November 1956 injury, sustained any permanent disability. Counsel for both parties in their brief state that such claim was settled on joint petition settlement for $280.

 Since the proceedings had on joint petition settlement do not appear in the record we may assume that the evidence at that hearing failed to disclose that respondent, as the result of his November 1956 injury, sustained any material permanent disability, otherwise the Commis-

sion would not have approved the settlement.

In these circumstances we cannot say that Dr. J's opinion was based on a history so materially inaccurate and incomplete as to justify us in disregarding his evidence as being without probative value.

We conclude that the award of the State Industrial Commission is supported by the evidence and is not contrary to law.

Award sustained.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.