COWEN CONSTRUCTION COMPANY, and
Mid-Continent Casualty Company,
Petitioners,

v.

Haskell D. PENDLETON and the State
Industrial Court, Respondents.

No. 39001.

Supreme Court of Oklahoma.

Dec. 27, 1961.

Grady Holloway, Oklahoma City, for petitioners.

Walter E. Liebel, Liebel & Shumake, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

This appeal is for review of an order of the State Industrial Court in favor of respondent, Haskell D. Pendleton, against petitioners, Cowen Construction Company and its insurance carrier.

The order appealed from awarded the respondent temporary total disability for 27 weeks and 40 per cent permanent partial disability to the left arm. An additional order was made against Special Indemnity Fund, due to the fact respondent was a previously impaired person. No appeal was taken from that order.

Petitioners contend that order was contrary to the evidence, and therefore should be vacated and cause remanded to the State Industrial Court.

In support of their contention, petitioners call our attention to Sparks v. General Mills, Inc., et al., Okl., 262 P.2d 155; and Adams v. Reed Roller Bit Company, et al., Okl., 335 P.2d 1080, wherein we held that a finding of the State Industrial Court based solely on indefinite, equivocal, ambiguous and inconsistent medical proof would not sustain an award based thereon.

Petitioners contend that this case comes under the rule announced in the above cited cases. Their contention is based upon the fact that the medical testimony consisted of conflicting reports of three different doctors.

One by Dr. F, respondent's doctor, which reported respondent able to go back to work on August 20, 1959, and 40 per cent permanent partial disability to the left arm. One by Dr. A, petitioners' doctor, which reported that respondent would not be able to return to work until October 15, 1959, and 30 per cent permanent partial disability to the left hand. One by Dr. M, Special Indemnity Fund's doctor, which reported 50 per cent permanent partial disability to the leg as a result of prior injury and 40 per cent permanent partial disability to the left arm.

It is obvious that the medical evidence as reflected by the three reports is conflicting. However, we do not find it to be indefinite, equivocal, ambiguous or inconsistent.

In the report of Dr. A there was the statement that respondent would not be able to return to work until October 15, 1959. This is sufficient to support the order and award of 27 weeks for temporary total disability. We find in the report of both Dr. F and Dr. M their statement that respondent has 40 per cent permanent partial disability to the left arm. This, in our opinion, supports the finding by the Industrial Court as to permanent partial disability.

Where the evidence is in conflict the extent of disability sustained by workman as a result of accidental injury is a question for the State Industrial Court, and its finding on such issue and an award based thereon will not be disturbed on review, where reasonably supported by the evidence. Seven-Up Bottling Company of Ada v. Standifer, Okl., 318 P.2d 852; and Richardson v. M. & D. Freight Lines, Okl., 322 P.2d 192.

We are of the opinion, and so hold, that the order of Industrial Court herein is reasonably supported by the evidence.

Award sustained.

BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.

WILLIAMS, C. J., and BERRY, J., dissent.

BERRY, Justice (dissenting).

I am unable to agree with the majority opinion, for in my judgment the award of disability to the arm is unsupported by competent medical evidence.

An injury to the arm below the elbow joint is compensated under the statutory schedules on the basis of disability to the hand. Compensation for loss of use of the arm may not be awarded unless there is medical evidence to show that the arm above the elbow was also impaired by an injury between the elbow and the wrist. 85 O.S. 1959 Supp., § 22, subdiv. 3; Beck v. Davis, 175 Okl. 623, 54 P.2d 371; Choctaw Portland Cement Co. et al. v. Lamb et al., 79 Okl. 109, 189 P. 750.

Claimant's injury consisted of a fracture of his radius and ulna. The two bones were broken at a point slightly above the wrist. For this injury claimant could not recover compensation on the basis of disability to the arm unless the medical evidence disclosed a resulting functional loss in the upper arm.

I am unable to find any statement in the medical reports which would indicate that claimant's upper arm was in any manner injuriously affected by the fracture of his forearm. Both Drs. F. and M. described the resulting impairments in the forearm by the use of medical terms which refer to limitation in the range of motion of the wrist. Their evaluation of disability was based on impaired "pronation" (the rotation of the hand so that the palm looks downward, with the thumb inward toward the body); "supination" (turning the palm of the hand upward, and the thumb outward from the body); and "palmar flexion". There is no mention in the reports of any functional loss in the elbow flexion or in the shoulder motion. While Drs. F. and M. did rate claimant's condition in terms of disability to the "arm", their conclusions were in manifest discord with the specific medical findings revealed from their reports, and are therefore without probative value.

Adams v. Reed Roller Bit Co. et al., Okl., 335 P.2d 1080. In this state of the record, I am convinced that the two doctors evaluated claimant's disability on the basis of their assumed and erroneous belief that the legal definition of the arm coincided with that commonly accepted in medicine and in common usage. In medical science as well as in the vernacular, the arm means that part of the human upper limb which extends from the shoulder to the wrist. See Maloy's Medical Dictionary for Lawyers; Webster's New International Dictionary.

I would vacate the award for disability to the arm and remand the claim to the State Industrial Court with directions to properly determine the nature and extent of claimant's disability from the fracture of his left radius and ulna.

For reasons stated, I respectfully dissent from the majority opinion.