**TRUCK AND TRAILER SALES AND SERV-
ICE and The Travelers Insurance
Company, Petitioners,**

**v.**

**Oliver C. DAVIS and the State Industrial
Court, Respondents.**

**No. 39890.**

Supreme Court of Oklahoma.

May 23, 1962.

Rehearing Denied June 19, 1962.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Paul Harkey, Norman, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Vice Chief Justice.

Oliver C. Davis, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Truck and Trailer Sales and Service he sustained an accidental injury arising out of and in the course of his employment on the 28th and 29th day of December, 1960. An award was made for permanent total disability and this proceeding is brought by the employer and its insurance carrier, Travelers Insurance Company to review the award.

The evidence discloses that claimant, 50 years of age, was employed as a welder and mechanic for employer. On December 28, 1960, he changed four tires on a tandem trailer. He became extremely tired and exhausted. The "boss" had requested him to hurry because the job was several days late on this particular trailer. This excited the claimant, and caused him to work in a nervous strain. This was the first time he had changed all four hubs on this kind of a trailer. The hubs weighed 40 or 50 pounds each, and the wheels, with the hubs, about 300 pounds each. He experienced a smothering sensation both while performing this work, and directly thereafter. He worked until 4 o'clock, then went home, and that night, or early the next morning, had a heart attack. He reported to work at 8 o'clock the next morning, then quit work, and went to a doctor. He was subsequently placed in a hospital in Oklahoma City where he stayed for nine days. Claimant had a heart condition in 1959, and had been treated by Dr. H several times, the

last examination or treatment occurring in January, 1961.

Dr. B examined claimant and filed a report. Therein it is stated:

"According to the history it is evident that the patient had a preexisting condition of heart disease which did not become symptomatic until May 1959. Although the patient had several bouts of coronary insufficiency after May 1959, none were disabling until December 28, 1960, at which time there was reported an episode of overexertion which necessitated hospitalizing this man for treatment. I am of the opinion that this episode of overexertion aggravated the preexisting heart disease and coronary insufficiency to the point that he is now totally disabled to do ordinary manual labor. Since the date of the accident this man has been in need of continued medical care. I do not feel that further medical treatment will improve his condition."

Dr. H testified for petitioners, and it is his opinion that claimant is disabled, due to the former heart condition.

 In a single proposition, petitioners argue there is not sufficient evidence to support the finding and award. Petitioners cite Sparks v. General Mills, Inc., Okl., 262 P.2d 155, and Adams v. Reed Roller Bit Co., Okl., 335 P.2d 1080. In Sparks v. General Mills, supra, the conclusion of the medical evidence was as to a future physical condition; and in Adams v. Reed Roller Bit Co., supra, the conclusion of the doctor was held to be inconsistent with his own medical evidence. There is no inconsistency between the medical testimony of Dr. B and his conclusion that the events of December 28th and 29th, 1960, "lighted up" and aggravated the prior heart condition. In Patrick & Tillman Drilling Co. v. Gentry, 156 Okl. 142, 9 P.2d 921, we stated:

"Where an accidental personal injury, arising out of and in the course of employment and within the terms of the Workmen's Compensation Act, aggravates and lights up a pre-existing physical condition, the injured employee is, nevertheless, entitled to compensation therefor."

In Liberty Glass Co. v. Harlin, Okl., 265 P.2d 1096, we stated:

"As to whether or not the disability is due to prior injury or disease or is an aggravation of a prior latent condition is a question of fact. Prince Chevrolet Co. v. Young, 187 Okl. 253, 102 P.2d 601; Grimshaw Const. Co. v. Bias, 184 Okl. 122, 85 P.2d 304."

There is a conflict in the medical evidence, and, as stated in Cowen Const. Co. v. Pendleton, Okl., 367 P.2d 511, a finding of fact when reasonably supported by the evidence will not be disturbed on review.

In State Highway Department v. Powell, Okl., 258 P.2d 1189, it is stated:

"Disability attributable to a condition of the heart is compensable under Workmen's Compensation Law in this jurisdiction if it originated in an accidental personal injury sustained in the course of hazardous employment covered by the act."

Cases announcing the same, or a similar, rule are: Carden Mining & Milling Co. v. Yost, 193 Okl. 423, 144 P.2d 969; Clarksburg Paper Co. v. Roper, 196 Okl. 504, 166 P.2d 425; Sinclair Oil and Gas Co. v. Cheatwood, Okl., 350 P.2d 944; Farmers Cooperative Ass'n v. Madden, Okl., 356 P.2d 741; Ben Hur Coal Co. v. Orum, Okl., 366 P.2d 919; and Black, Sivalls & Bryson, Inc. v. Coley, Okl., 367 P.2d 1017.

There is competent evidence reasonably tending to support the finding of the State Industrial Court.

Award sustained.

WILLIAMS, C. J., and WELCH, DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.