**BLACK, SIVALLS & BRYSON, INC., a Corporation, Petitioner,**

v.

**Olen G. STORY and State Industrial Court, Respondents.**

**No. 40002.**

Supreme Court of Oklahoma.

Feb. 5, 1963.

Shirk, Withington & Work, Oklahoma City, for petitioner; E. P. Ledbetter, Oklahoma City, of counsel.

Judd L. Black, Oklahoma City, for respondents.

WELCH, Justice.

Under review in this proceeding is the trial tribunal's decision which attributes claimant's disability to a compensable injury. The nature and extent of his impairments are not in controversy. The record stands undisputed that the condition for which compensation was sought consisted of a herniated intervertebral disk on the right side of the lumbosacral joint. The defect required a surgical excision and the residual impairment was estimated at ten to thirty percentum permanent (partial) disability to the body. The award entered below is within the range of the medical evidence adduced. The sole question presented on review is whether there is competent expert evidence to support the trial tribunal's finding that claimant's pathology resulted from a compensable cause.

While on duty at employer's plant in Oklahoma City in the midafternoon on Thursday, March 30, 1961, claimant "stumbled" when carrying one end of a 14 ft. 6 inch section of two-inch extra heavy duty pipe, weighing approximately 145 pounds. He immediately felt a sharp pain in the

back and shortly thereafter told his co-worker that he "was hurtin' bad." The pain continued when claimant arrived home that evening. He laid down on the floor, then ate supper and went to sleep with a heating pad at about 9:00 P.M. Awaking shortly after midnight he felt hot, coughed two or three times and began to experience severe pain. Placed by his wife in a chair, claimant remained awake and in pain the rest of the night. The following morning he was seen by his family physician, Dr. D. who administered diathermy treatment. On Monday, April 3, 1961, claimant reported in person to employer's personnel manager who sent him to the company physician, Dr. B. Upon examination and questioning by Dr. B. claimant was refused treatment because his condition was found by this physician to be "unrelated" to employment. Claimant then returned to Dr. D. who diagnosed the condition as a ruptured disk and hospitalized him for a number of days. When he failed to improve "under a regime of conservative care," Dr. D. referred him to Dr. H. an orthopedic surgeon. The latter confirmed the prior diagnosis of Dr. D. On April 17, 1961, claimant underwent surgery for the removal of his herniated disk.

The medical evidence in the record consists of letter-reports of Drs. B. H. & M. and of testimony given by Drs. B. & H.

Dr. H. originally prepared a letter report whose tenor and intent unmistakably attribute claimant's condition to a compensable injury, "assuming the facts of the accident are as I have them reported here * * *" The history outlined in the report of Dr. H. is in substantial accord with the testimony adduced at the hearing and incorporates all the salient facts of the injury. In the proceedings below, Dr. H. when called as a witness for the employer, testified that coughing could "trigger off" a ruptured disk, "if there is a sufficient force." While Dr. H. did not state that the history of claimant's midnight coughing did indicate the presence of sufficient force to precipitate a ruptured disk, he nonetheless concluded that either the lifting or the coughing episode could have produced the herniation, and declined to ascribe the lumbosacral defect to either of these causes.

As we view the testimony of Dr. H. in conjunction with his prior letter-report, the doctor expressed two somewhat contradictory opinions as to causation, predicating both conclusions upon history and medical facts. His testimony is therefore of questionable force. Ada Coca-Cola Bottling Co. v. State Industrial Commission, Okl., 341 P. 2d 568; Garr-Wooley Oil Co. v. Yeargin, Okl., 355 P.2d 410.

According to Dr. B. employer's regular plant physician, when claimant presented himself for an examination on April 3, he had been subjected to a "careful," "searching," and "rigorous" interrogation by means of "leading" questions for the purpose of determining, from the medical history and physical examination, the "cause and the nature of whatever complaint the patient has." The only significant incident disclosed by this inquiry was a coughing episode some three nights before, which led Dr. B. to the conclusion that claimant "actually, apparently had a seizure of coughing * * and it was this incident which seemed to trigger off his present severe sciatic type pain."

Dr. B. further related that the etiology of a ruptured disk depends largely on the history of injury and on the physician's "judgment of his (patient's) integrity." If claimant had given a history of "some minor stumble or trip or strain," Dr. B. would have "related" his condition to the employment.

On cross-examination Dr. B. testified, in answer to a hypothetical question which fairly embraced all the material facts disclosed by the evidence, that on the assumption of those facts he would never have questioned that claimant's ruptured disk was "occupationally induced."

The most we can deduce from Dr. B's testimony is that on his examination of claimant on April 3rd he did not receive a history of the lifting and stumbling epi-

sode on March 30th. Had his "rigorous" questioning of claimant disclosed such occurrence, the midnight coughing episode might well have been ruled out as a factor in the etiology of claimant's ruptured disk. According to claimant's version of the examination, he had related to Dr. B. all of his lifting activities on March 30th, although he did not remember if he had specifically mentioned about stumbling over a piece of pipe.

Claimant's medical evidence consists of a letter-report by Dr. M who ascribed the pathology to the accident of March 30, 1961. Dr. M's report is challenged by the employer as incompetent and without probative value, because this physician concededly did not know of, and failed to consider, claimant's coughing episode. Employer invokes the rule that testimony of an expert witness, when based upon a history admittedly incomplete and inaccurate, has no probative value. Cited in support of his argument are Acme Flour Mills et al. v. Bray, et al., 185 Okl. 516, 94 P.2d 828, and Western Good Roads Service Co. et al. v. Coombes, et al., 185 Okl. 599, 95 P.2d 633. These cases are readily distinguishable from the present case. In the former case, claimant had admittedly concealed from his physician an acute attack of gonorrhea suffered by him on the date of the alleged strain to the cord and vessels of the scrotum. In the latter case the workman had related to his physician a history of the accident materially different from the facts developed in the proceedings. Both decisions are based on a *fatal variance* between the history assumed by the expert and the *undisputed facts* of the injury as adduced by the proof.

In the present case, if any inaccurracy or discrepancy be present, it is in Dr. M's failure to consider the coughing episode as a factor in the etiology of the ruptured disk condition. According to Dr. B's testimony the midnight coughing incident could be completely ruled out as a causative force if claimant did in fact experience a lifting and stumbling episode on March 30th. It is unmistakably clear from the record that the coughing incident was advanced by Dr. B solely as an alternative theory of causation, because his "rigorous" questioning on April 3rd failed to disclose any other significant incident to which the pathology could be attributed. As we view Dr. B's expert testimony the coughing theory must yield if claimant's history of lifting and stumbling were taken as true.

■ It is not absolutely essential that the history include all the facts the evidence tends to prove. It is sufficient if the history substantially incorporate such facts as the proof of the party fairly tends to establish and as are consistent therewith. The mere fact that one party's expert witness assumes a less comprehensive set of facts than that of his adversary is not ipso facto fatal to the probative force of the opinion. Black, Sivalls & Bryson, Inc. v. Rhone, et al., 197 Okl. 347, 170 P.2d 538, 540; Black, Sivalls & Bryson, Inc. v. Rhone, et al., 199 Okl. 131, 184 P.2d 769.

■ We find no fatal variance between the history assumed by Dr. M and the facts adduced by claimant's evidence. The divergent theories of causation advanced by the opposing parties did not depend on the identical history. If the trial tribunal chose to believe, as it doubtless did, that the lifting and stumbling episode did in fact occur on March 30th, it was authorized to regard the coughing spell as entirely irrelevant to causation, and was free to rest its award upon the opinion of Dr. M, considered in conjunction with that of Dr. B.

■ In determining a question of fact the State Industrial Court is not restricted or confined to the proof elicited by the claimant, but can properly consider the record in its totality. Terry Motor Company v. Mixon, Okl., 361 P.2d 180; Nu-Way Laundry & Cleaners v. State Industrial Commission, 194 Okl. 101, 147 P.2d 795, 796.

■ The proceeding is free from error of law. The finding which attributes claimant's disability to an accidental injury is supported by competent medical evidence.

The award, not being otherwise challenged, is accordingly sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.