The HEFNER CO. and Pacific Employers Insurance Co., Petitioners,

v.

Beulah LANTZ and the State Industrial Court, Respondents.

No. 40635.

Supreme Court of Oklahoma.

July 7, 1964.

**846**

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Rhodes, Crowe, Hieronymus, Holloway & Wilson, by A. G. Crowe, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

DAVISON, Justice.

Beulah Lantz, claimant, widow of Edgar Elmore Lantz, employee, obtained an award under the death benefit provisions of the Workmen's Compensation Act, 85 O.S.1961 § 22, subd. 7. Employer, The Hefner Co., and its insurance carrier, petitioners, bring this proceeding to obtain a review of the award.

Petitioners urge that the conclusions of law by the trial judge, based on the facts presented, are erroneous. Under this proposition the petitioners contend that the evidence is insufficient to show an accidental injury or that deceased employee's heart attack was related to any such injury.

Employee's death was caused by coronary thrombosis in the early morning hours of Monday, September 10, 1962, in his home in Duncan, Oklahoma. He was 69 years of age and had been employed by The Hefner Co. for about eleven years. He was a production superintendent in the oil business of the employer in the Stephens County area, and was furnished a car and was on call 24 hours a day. He had an acute coronary thrombosis in 1957 and was again hospitalized in July, 1960, because of heart condition, and took medicine because of such condition. He had been advised by his doctors to avoid exertion and had been offered voluntary retirement by employer, but chose to continue working.

Employee worked all day on September 9, 1962, on various projects of employer. During the afternoon a fishing job to remove objects from the bottom of one of employer's wells was being performed by a concern hired for that purpose. Employee (as production superintendent) was clearly shown as being present for a period of several hours the latter portion of the day. There is testimony in the record that the deceased employee engaged in "working" or "beating the line" that had been lowered into the well. This activity was described as hand pulling on the line to determine whether the fishing tool had engaged the objects in the well and, in the present operation, required pulls of about 200 pounds, and that it was tiring and exhausting work for a young and strong man and required a rest after several minutes. There is further testimony, although disputed, that the employee repeatedly performed this work and was winded, tired and exhausted and trembled and shook from the exertion. The temperature dropped from a high of 86° F. to 55° F. in the afternoon. The deceased wore a sport shirt during the day and was cold when he arrived home at about 8:30 p. m. He took aspirin on two occasions before retiring and suffered the fatal attack about 2:30 a. m. and died immediately.

The testimony and/or reports of three doctors based upon consideration of the circumstances, expressed the collective opinion that the physical exertion of the employee on the fishing job could and did precipitate, and did cause, the attack of coronary thrombosis that resulted in the death of the deceased. The report of one doctor, based upon the circumstances, expressed a contrary opinion.

The order of the trial judge found the employee's strenuous work on the afternoon of September 9, 1962, caused him to become exhausted due to strain and over exertion, thereby aggravating his pre-existing heart condition, and causing a new heart attack, from which he died. Upon appeal to the Industrial Court en banc the award was affirmed.

The crux of petitioners' argument is that the employee died at home, hours after he had returned from work, and that the fatal heart attack was attributable to the pre-existing heart condition, rather than to the strain and exertion of his work.

This court stated in Truck and Trailer Sales and Service v. Davis, Okl., 372 P.2d 612, that:

"Disability attributable to a condition of the heart is compensable under Workmen's Compensation Law in this jurisdiction if it originated in an accidental personal injury sustained in the course of hazardous employment covered by the act."

In Co-Operative Publishing Company v. Jestes, Okl., 373 P.2d 33, we held:

"* * * Where there is evidence of a strain arising out of and in the course of employment and evidence that the strain caused a disability this constitutes evidence from which the State Industrial Court is authorized to find that the employee sustained an accidental injury within the meaning of the Workmen's Compensation Act. * * *"

An accidental injury arising out of and in the course of employment which lights up and aggravates a prior heart condition is compensable. Sinclair Oil and Gas Co. v. Cheatwood, Okl., 350 P.2d 944.

In Farmers Cooperative Association v. Madden, Okl., 356 P.2d 741, it is stated:

"Whether a heart attack suffered by a workman resulted from strain and exertion arising out of and in the course of his employment or from other causes which are unrelated thereto and disconnected therefrom, presents a question of fact for the determination of the State Industrial Court, whose findings on such issue will not be disturbed on review, when based on competent evidence reasonably tending to support it."

 There is competent evidence reasonably tending to support the finding of the State Industrial Court.

Award sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.