**Aline M. CURTIS, Petitioner,**

**v.**

**TRANSCON LINES, INC., Transport Indemnity Company and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 41485.**

Supreme Court of Oklahoma.

Feb. 15, 1966.

William A. Kerr and Carl E. Moslander, Oklahoma City, for petitioner.

George E. Fisher, Charles Nesbitt, Atty. Gen., Oklahoma City, for respondents.

JACKSON, Vice Chief Justice.

The claimant, Aline Curtis, filed her claim before the State Industrial Court for death benefits under the provisions of the Workmen's Compensation Law against Transcon Lines, Inc., and its insurance carrier, Transport Indemnity Company. The claimant alleged that on April 17, 1964, James Curtis, died as a result of an accidental injury arising out of and in the course of his employment.

A trial judge of the State Industrial Court entered an order stating that the deceased did not sustain an accidental personal injury arising out of and in the course of his hazardous employment. This order was affirmed and adopted by the State Industrial Court en banc.

The claimant brings this original proceeding for a review of the order denying the award.

The testimony showed that the deceased was employed as a mechanic for Transcon Lines, Inc. His working hours were from 11:30 P.M. to 8:A.M. On the evening of April 14, 1964, the deceased went to work as usual. His duties were to perform safety checks on truck transports. These safety checks entailed checking such things as lights, brakes and the equipment that is carried in the cab such as flares and flags. The testimony showed that the deceased began having pain in his chest and arm about two hours before his regular quitting time. The deceased went home after he got off work and the claimant testified that deceased was suffering pain and had a "bluish, grayish color." The deceased was taken to a hospital and died on April 17, 1964, as a result of a heart attack.

The claimant contends that the State Industrial Court committed error when it determined the deceased did not sustain an accidental injury arising out of and in the course of employment, citing Ben Hur Coal Company v. Orum, Okl., 366 P.2d 919; H. J. Jeffries Truck Lines v. Grisham, Okl., 397 P.2d 637; and Truck and Trailer Sales and Service v. Oliver C. Davis, Okl., 372 P.2d 612.

In Ben Hur Coal Company v. Orum, supra, the claimant had been working in a coal mine digging coal and, at the end of his shift, he fell dead when he was leaving the mine. His death was attributed to coronary thrombosis. This court sustained the award of the State Industrial Court granting the deceased's widow the death benefits. Therein we held that it was a question of fact and not of law to be determined by the State Industrial Court from the lay and medical proof whether the physical effort of the employee was sufficient in degree to produce the strain which culminated in the heart attack and death of the employee.

In H. J. Jeffries Truck Line v. Grisham, supra, this Court sustained an award of the State Industrial Court wherein claimant (a truck driver) suffered a heart attack which was precipitated by prolonged working periods, stress of long travel and lack of adequate rest. The principal issue was the determination of a causal relation between the heart attack and antecedent employment activities. Therein we discussed in some detail the work activities of the claimant which culminated in his heart attack and found that there was sufficient evidence to sustain the award.

In Truck and Trailer Sales and Service v. Davis, supra, this court sustained an award of the State Industrial Court wherein the claimant suffered a heart attack which was caused from his work as a welder and mechanic. Therein we held that there was competent evidence to support the finding of the State Industrial Court.

██ It should be pointed out that in each of the above cited cases the State Industrial Court made a finding that the claimant (or deceased) received an accidental injury arising out of and in the course of employment. A contrary finding was made in the instant case. This court must adhere to the rule that a finding by the State Industrial Court on nonjurisdictional matters will not be disturbed if there is competent evidence reasonably tending to support such finding. Cowen Const. Co. v. Pendleton, Okl., 367 P.2d 511.

Claimant argues that from uncontradicted lay testimony in this case the conclusion must be reached that deceased was working under pressure and had to exert himself in order to keep the trucks on the road. Assuming this to be true the decisive question is whether the work and "pressure" caused the heart attack. The pertinent part of the medical evidence of the respondents states:

> "* * * my opinion is that the work and physical stress described would have no relationship whatsoever, directly or indirectly, to the immediately or remotely subsequent death of the worker from whatever cause.

"After having reviewed all the evidence contained in the deposition of Elton Clark, deposition of Virgil Brotherton, deposition of Richard Trent, and deposition of Tommy V. Hawkins, all dated August 20, 1964, deposition of H.A.S., M. D., dated December 8, 1964, and the transcript of the testimony taken before the State Industrial Court on December 15, 1964, and the certified copy of the Death Certificate dated April 17, 1964, I am still of the opinion that the death was in no way connected with or precipitated by the work that the deceased was doing prior to his death."

The foregoing constitutes competent evidence reasonably tending to support the finding of the State Industrial Court that deceased did not sustain an accidental personal injury arising out of and in the course of his hazardous employment with the respondent.

Order sustained.