**CITY OF SHAWNEE and State Insurance Fund, Petitioners,**

v.

**Clifford Eugene WALLING and The State Industrial Court, Respondents.**

**No. 41588.**

Supreme Court of Oklahoma.

March 1, 1966.

Sam Hill, Fred Nicholas, Jr., Oklahoma City, for petitioners.

Dick Bell, Seminole, Saied & Porter, by William R. Saied, Oklahoma City, for respondents.

IRWIN, Justice:

This is an original action by the City of Shawnee and the State Insurance Fund, herein referred to as petitioners, to review an order of the State Industrial Court awarding compensation to Clifford Walling, herein referred to as respondent.

The record discloses that the respondent was employed by the City of Shawnee as a police officer and that he was injured when the patrol car which he was driving was involved in an accident with a third party. The parties stipulated that the respondent sustained an accidental injury arising out of and in the course of his employment.

The only question before the State Industrial Court was whether the respondent suffered any permanent disability as a result of the above accident. The State Industrial Court found, inter alia, that respondent sustained 20 per cent permanent partial disability as a result of head injuries.

The petitioners contend that the order of the State Industrial Court is not supported by competent medical evidence because the respondent's medical witness relied upon an inaccurate history. More specifically, the petitioners contend that the medical report recites that the respondent received a skull fracture from the accident when in fact, the medical witness was never advised that respondent sustained a skull fracture but had been advised that claimant had received a brain concussion.

The respondent's medical witness submitted two reports. The pertinent part of his first report is as follows:

"* * * He was told that he had a fracture of his left clavical, a fractured skull, * * *.

"Chief complaints at this time are severe headaches which are frequent and without improvement for many months. * * *

"It is my opinion that this man did sustain severe injuries resulting in a cerebral concussion and bruising the brain sufficient to render him unconscious for a period of 24 hours and causing him to have residual headaches and dizziness. He sustained multiple fractures to his skull. * * *"

The second report of the respondent's medical witness states that the physical condition of the respondent had remained essentially the same as it was at the first examination and that he still complained of severe headaches. The last paragraph of his second report is as follows:

"It is my opinion that this man did sustain severe injuries involving his brain and causing fractures of the skull, left clavicle and multiple ribs. He did sustain an aggravation of an old injury to his low back but this no

longer causing disability. It is further my opinion that he has a partial permamanent disability of 20 percent to his left arm due to the injuries to his clavical and left shoulder, and he has a partial permanent disability of 40 percent to his body as a whole for the performance of ordinary manual labor because of the skull fracture, contusion and injury to his brain. This disability is in addition to the permanent disability caused by facial disfigurement by scarring, the loss of three teeth and loosening of several other teeth which in all probability will later be lost as a result of his injury. His disability is a direct result of his injury of October 25, 1963."

Petitioners cite Acme Flour Mills et al. v. Bray, 185 Okl. 516, 94 P.2d 828, and Western Good Roads Service Co. v. Coombes, 185 Okl. 599, 95 P.2d 633, for the proposition that the testimony of an expert witness based upon a history admittedly incomplete and inaccurate has no probative value. The instant case is distinguishable from those cases on the facts. In Acme Flour Mills v. Bray, supra, this court vacated an award in favor of claimant whose medical witness was not advised that the claimant was suffering from an attack of gonorrhea at the time of the alleged injury to his groin. In Western Good Roads Service Co. v. Coombes, supra, this court vacated an award in favor of a claimant where the medical witness was told that the alleged injury occurred while claimant was climbing up and down, when in fact, the claimant was kneeling when the alleged injury occurred. As can be seen, the incompetency of the medical evidence was because the history related by the doctors did not conform to facts shown by the claimant as to the cause of the injury, or did not have information of an existing disability to the same part of the claimant's body. In the instant case, the parties stipulated that the respondent suffered an accidental injury arising out of and in the course of his employment when he was involved in an automobile accident.

A portion of the respondent's testimony of what he related to his medical witness concerning a skull fracture is as follows:

"Q. Did you * * * you didn't tell Dr. Moore you had a fracture of your skull?

"A. I don't remember. I told him about what I told you.

" * * *

"Q. The attending physician, here, he says, 'give accurate description of the nature and extent of the injury,' he says, 'seven centimeter laceration, forehead, concussion, brain. Fractured left clavicle; fracture, ribs, hemothorax; multiple bruises and contusions, chest, arms, left leg; three broken teeth.' Is that basically what you told Dr. Moore?

"A. Yes, sir."

The record does not clearly disclose that claimant advised his examining physician that he had sustained a "fractured skull" as a result of the accident; but the record does disclose that his doctor was advised that he had sustained severe head lacerations and a brain concussion.

In Star Printery Company v. Pitman, Okl., 376 P.2d 291, we held that a physician's opinion need not be given in categorical terms nor in the precise language of the statute, and an award of the State Industrial Court rests on competent evidence when it is supported by the general tenor and intent of the medical testimony.

■ This being the rule as to a physician's opinion, we can see no reason why a claimant in advising his doctor as to the extent of his injuries need use precise medical language to disclose the same. In the instant action, the record conclusively shows that claimant sustained severe injuries to the head and there is no evidence of any existing disability to his head at the time of the accident.

In analyzing the record and the argument of petitioners, their argument seems to go

to the credibility and weight of the evidence rather than its competency. In other words, their argument seems to be that the examining physician could not have found claimant sustained a "fractured skull" as a result of the accident unless claimant had specifically advised him that he had.

 The trial tribunal found that claimant sustained injuries to his left arm, left collar bone, face, head and ribs. In addition to the award of 20 per cent permanent partial disability as a result of the injury to the head, claimant was awarded compensation for the loss of three teeth, permanent disfigurement to the forehead, and 10 per cent permanent partial disability to his left arm. We can only conclude that the order of the State Industrial Court is supported by competent evidence even though claimant may not have specifically advised his examining physician in precise medical language that he had sustained a "fractured skull".

Award sustained.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BERRY, HODGES and LAVENDER, JJ., concur.