**THOMAS BLOCK COMPANY and Sentry Insurance Company, Petitioners,**

v.

**Richmond PENNOKEE and the State Industrial Court, Respondents.**

**No. 43487.**

Supreme Court of Oklahoma.

Dec. 1, 1970.

Ben A. Goff, Oklahoma City, for petitioners.

Marx Childers, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

HODGES, Justice.

There is involved here for review an award of the State Industrial Court, affirmed by the Court en banc, allowing the respondent Richard Pennokee, claimant below, temporary total compensation for an alleged heart disability. Parties will be referred to as they appeared before the State Industrial Court.

The pertinent portions of the order entered on January 16, 1969, are as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on *January 1968 and August 1968* consisting of *aggravation of pre-existing* heart condition due to strain in course of Claimant's employment."

The court entered a supplemental order on February 5, 1969, finding:

"That the Respondent had actual notice and the Respondent and Insurance Carrier were not prejudiced by Claimant's failure to give written notice."

Claimant filed his original form 3 on October 23, 1968, an amended form 3 on October 28, 1968, and a second amended form 3 on December 30, 1968. In the first two of these documents claimant alleges that he was accidentally injured while employed by the respondent as a common laborer "In January and on or about August 1, 1968 (in Aug.) 3:00 P.M. In each of these documents claimant alleges the accidents to have occurred "In January and August 7, 1968 (in Aug.) 3:00 P.M. (in Jan.) 10:00 A.M." In the second amended form 3 he alleged that he quit work on August 7, 1968.

It is conceded that claimant did not furnish the respondent with written notice of the occurrences or accidents within 30 days after they occurred as required by 85 O.S. 1961, § 24.

Respondent in its answer denies.

"That the respondent or insurance carrier received notice of this accident by the claimant within thirty (30) days from this date of accident and states this failure to notify the respondent has resulted in prejudice to the respondent and insurance carrier."

Respondent asserts three errors on review in the award of the Industrial Court. First, the medical report of claimant is incompetent and has no probative value because based on incorrect and inaccurate history; second, the giving of actual notice of the accidents alleged by claimant is insufficient; and third, the findings of the court that the accident occurred on August 7 is not supported by evidence and the finding of a heart attack in January is not supported by medical evidence.

Respondent asserts that claimant failed to inform his own doctor that he suffered from heart trouble, and as the report of claimant's doctor was based on the incorrect history it has no probative value. Respondent is correct concerning claimant's failure to disclose any prior heart trouble to his doctor, however he is incorrect concerning the conclusion. The evidence reveals that claimant had high blood pressure for some eight years prior to his heart attacks, and suffered from shortness of breath and obesity. It is in evidence that

these conditions can lead to heart trouble but the evidence does not indicate they are synonymous with heart trouble.

█ Respondent cites the case · of Acme Flour Mills et al. v. Bray (1939), 185 Okl. 516, 94 P.2d 828, quoting, "Testimony of an expert witness based upon history admittedly incomplete and inaccurate has no probative value." In that case the findings of injury were based entirely upon the history of the claimant who indicated he had a condition or injury other than what he told the doctor. In the instant case the finding of injury by the doctor was based upon examination and tests, and the cause of injury based upon the history given by claimant. The history of the accident was accurate. It is only the past history of prior troubles that is inaccurate and incomplete. There is no indication in the record that if the past history of prior troubles had been completely accurate the conclusions of claimant's doctor would have been different. Reading from the doctors report, the opposite would seem to be true, as the injury was diagnosed from tests and examination conducted and the cause of the injury was based on the history of the occurrence while at work, with no indication that the conclusions in the report were based on past history. In the case of Mudge Oil Co. v. Wagnon, 193 Okl. 466, 145 P.2d 185, we said:

"The medical witnesses who appeared for the respondent testified to facts which they had ascertained as a result of their examinations of the respondent. This presented an entirely different situation from that which was involved in the case of Acme Flour Mills v. Bray, 185 Okl. 516, 94 P.2d 828, which is cited by petitioners.

"The medical witnesses for respondent did not base their testimony entirely or to any appreciable degree upon medical history which had been given them."

This is the situation in the present case. The finding of injury is based on examination and tests, consequently the report has probative value and the weight to be given

thereto is in the province of the Industrial Court. Yahola Sand and Gravel Company v. Nutt, Okl., 451 P.2d 954.

█ Respondent next asserts that the evidence pertaining to actual notice given by claimant is insufficient and does not meet the requirements of actual notice as this court has defined. The notice given must be sufficient to impart to the employer information of an accidental injury received in and arising out of the employment. Mistletoe Express Service v. Bond, Okl., 455 P.2d 90; and Greis v. Rounsiville, 173 Okl. 189, 46 P.2d 905. It is true that claimant is somewhat inconclusive in some of his testimony and had some difficulty in answering questions propounded to him, however the pertinent portions of his testimony follows:

"Q. All right. Now, in the first part of August, what happened to you?

"A. Well, that's—that's when comes serious. It come—it come in serious, you know.

"Q. Serious?

THE COURT: It got worse?

THE CLAIMANT: Yes.

"Q. (By Mr. Childers) Well, what was you doing when it got worse?

"A. I was pulling cable.

\* \* \* \* \* \*

"Q. Did you report this accident to anybody in January?

"A. Sir—yes sir, I reported it.

"Q. Who did you report it to?

"A. Mr. Thomas.

"Q. When did you report it to him?

"A. Oh, after I come back from Dr. Merritt. (phonetic)

"Q. Was that in January?

"A. Yeah.

\* \* \* Referring to the August incident.

"Q. You never did make any claim yourself, or tell Tom Thomas that you had any accident while you were there on the job down there, did you?

"A. Yeah, I did.

"Q. You told them all—everything that you've told us in here today about how you got hurt, and all that?

"A. Yeah, and then if I have to go see a doctor, I always call in.

"Q. I realize you were seeing a doctor for a heart condition all during 1968—Mr. Thomas knew that—but you never told him that anything happened down there on the job, did you?

"A. Yeah, chest pains.

"Q. You had these chest pains before, hadn't you?

"A. Yeah, since January.

"Q. You had them before January, hadn't you?

"A. No."

■ Respondent argues that this testimony is insufficient to establish actual notice of an accident causing heart attack that arose out of and in the course of employment. It is maintained that the notice is only that claimant suffered pain and not that it arose from an accident on the job, citing the case of Arkansas-Louisiana Gas Company v. Blackwood, Okl., 456 P.2d 507, which held that in addition to notice of disability there must be notice that the disability resulted from an accidental injury. The distinguishing feature in the instant case is that claimant informed his employer that he had sustained an accident or occurrence on the job from which chest pains resulted, as the testimony that follows indicates:

"Q. All right, did you tell him you got hurt on the job?

"A. Um-Hmmm.

"Q. You never did make any claim yourself, or tell Tom Thomas that you had any accident while there on the job down there, did you?

"A. Yeah, I did."

Admittedly, this information is general, however taken along with the testimony of what claimant was doing at the time he had chest pains it is sufficient to meet the requirement of actual notice.

The final assignment of error is that the evidence conclusively shows claimant was not employed by and did not work for respondent on August 7, 1968, the date of the second alleged injury, and there is no medical evidence that claimant sustained a heart attack in January, 1968.

■ Claimant testified that he was injured while working for respondent in August 1968, and that the injury occurred the day before he went to the Indian Doctor in Shawnee. Dr. S of the Shawnee Indian Health Clinic testified that he saw claimant on August 8, 1968. This evidence is sufficient to establish the date of the injury and support the findings of the Industrial Court. Respondent offered evidence to the contrary, asserting it to be exclusive as it was not contradicted by claimant. The evidence of the respondent and claimant is in conflict regarding this date. The weight to be given conflicting evidence regarding a nonjurisdictional question is solely within the province of the Industrial Court. Republic Supply Co. v. Davis, 159 Okl. 21, 14 P.2d 222.

Respondent further complains of no medical evidence to substantiate the order of the Industrial Court that claimant sustained a heart attack in January. The order indicates that the claimant sustained an injury in January and in August which aggravated a previous condition. Albeit there is no medical evidence to sustain the contention of an attack occurring in January there is regarding the attack in August, which is sufficient to sustain the award to the claimant.

We find no error in the award of the Industrial Court. The award is sustained.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS, JACKSON, LAVENDER and McINERNEY, JJ., concur.