**In the Matter of the DEATH OF Thurman DEERE.**

**Maxine DEERE, Appellant-Petitioner,**
**v.**
**CRC CROSE et al., Appellees-Respondents.**
**No. 49165.**

Supreme Court of Oklahoma.

Dec. 14, 1976.

---

**892**

George A. Farrar, of Covington, Farrar & Poe, Tulsa, for appellant-petitioner.

Robert L. Roark, of Cheek, Cheek & Cheek, Oklahoma City, for appellees-respondents.

SIMMS, Justice:

This is a proceeding to review an order of the trial court denying Maxine Deere's claim for death benefits as surviving widow of Thurman Deere who suffered a fatal heart attack the evening of March 19, 1975. Mr. Deere had been employed by respondent, CRC Crose, as a machinist since 1957 and he was so employed at the time of his death. Claimant alleged that his death resulted from strain and over-exertion at his job. Respondent denied that Mr. Deere's death arose out of or in the course of his employment. At trial, the parties stipulated to all issues except the question of the causal relationship of deceased's employment to his death.

Upon presentation of evidence, the trial court found that Mr. Deere's death did not arise out of nor in the course of his hazardous employment with respondent and denied the claim.

On review in this Court, claimant seeks vacation of the trial court's order asserting that the trial court erred in admitting into evidence the written report of respondent's medical witness, Dr. Stanley R. McCampbell, for the reason that Dr. McCampbell's report was based upon inaccurate and incomplete facts which materially varied from the facts presented at trial. Further, claimant argues that Dr. McCampbell's expert opinion that decedent's death was not related to and did not result from his employment, was based upon an erroneous conception of the law. Claimant does not challenge the sufficiency of the evidence presented to the trial court and therefore we do not feel it is necessary to set forth a recitation of the entirety of the testimony and evidence produced by the parties.

Specifically, claimant's argument centers around the fact that the facts assumed by Dr. McCampbell in reaching his opinion did not include the fact that on the evening of his death, the deceased did not eat supper after he returned home from work before he left to perform the functions of his second job, which was that of a minister in a Baptist Church. Claimant also complains that certain details regarding the deceased's appearance on the evening of his death which were testified about at trial, were not included in the facts considered by the respondent's medical witness. These omissions include the deceased's grayish-white complexion, the fact that deceased was hard to arouse from his nap shortly before he left home around seven o'clock, and that deceased had become progressively more tired each day preceding his death.

Claimant acknowledges that it is not essential that a physicians opinion be

based upon all facts which evidence may tend to prove. *Black, Sivalls & Bryson, Inc. v. Story,* Okl., 378 P.2d 764 (1963). Only the omission of material facts which are essential to the formation of an intelligent opinion on the matter will be fatal to a hypothetical question. *C. T. Hughes Construction Co. v. Phillips,* Okl., 401 P.2d 498 (1965).

From reviewing available medical and hospital records of the deceased, Dr. McCampbell was of the opinion that Mr. Deere died of cardiac arrest following acute myocardial infarction secondary to arteriosclerotic heart disease, a long term progressive disease of the coronary arteries, that was aggravated by the fact that deceased was overweight. The omissions complained of by claimant do not constitute material and fatal variance from the undisputed facts adduced at trial. We are satisfied that Dr. McCampbell's expert opinion was based upon sufficient material facts regarding decedent's history that he was able to reach an intelligent opinion as to the cause of death.

Claimant further asserts that the medical opinion of Dr. McCampbell was incompetent for the reason that it was based upon an erroneous concept of law. The substance of that argument centers around the doctor's conclusion that there was no relationship between the deceased's employment and his myocardial infarction and death. Dr. McCampbell observed that there was no particular accident or abnormal activity that the deceased engaged in prior or at the time of his death, and the doctor noted that his employment was not suggestive of extra stress or strain since deceased ordinarily dealt only with small parts weighing less than thirty pounds. Claimant argues that from this observation, it is obvious that Dr. McCampbell was operating under the misconception there must be specific accident or event causing the heart attack before the death could be considered an accidental injury arising out of employment. Claimant maintains this theory of the law was rejected in *H. J. Jeffries Truck Line v. Grisham,* Okl., 397 P.2d 637 (1964) and for this reason Dr. McCampbell's report is void of probative value. We are of the opinion that a thorough reading of the disputed report shows that Dr. McCampbell's mention of the lack of an accident or extraordinary stress was submitted only as an example to further support his opinion, not as a basis for the doctor's conclusion that the heart attack was not related to antecedent work activity. While *Jeffries, supra,* and its progeny take from a claimant the burden of showing a specific event or instance of exertion or overexertion to support a claim that disability or death from heart related problems resulted from employment, they do not require a medical expert to find that a heart condition does result from employment.

Claimant's final proposition is that the opinion of her medical witness, Dr. J. K. Lee, should have been accepted by the trial court because it was uncontradicted by competent testimony. Dr. Lee's expert opinion was that the deceased suffered from arteriosclerotic heart disease for some time prior to his death and that his employment was a contributing factor in his heart attack and death. As discussed above, we find that Dr. McCampbell's opinion was based upon an accurate history of decedent's condition in all material matters and that the differing expert opinions as to the responsible cause of decedent's infarction presented a question of fact for the State Industrial Court to determine. We have repeatedly held that this Court must adhere to the rule that a finding by the State Industrial Court on nonjurisdictional matters will not be disturbed where there is competent evidence which reasonably tends to support such findings. Where competent evidence reasonably supports the finding of the State Industrial Court that death did not result from accidental injury which arose out of or in the course of hazardous employment

with respondent this Court will sustain the Order of the Industrial Court. *Curtis v. Transcon Lines, Inc.,* Okl., 411 P.2d 544 (1966).

The order of the trial court is Sustained.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, BERRY, LAVENDER and DOOLIN, JJ., concur.