BLACK, SIVALLS & BRYSON, Inc., v. RHONE et al.

No. 32481.   June 25, 1946.

Rehearing Denied July 9, 1946.

*170 P. 2d 538.*

Gilliland, Ogden, Withington, Shirk & Vaught, of Oklahoma City, for petitioner.

S. J. Clay, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought in this court by Black, Sivalls & Bryson, Inc., own risk, hereinafter referred to as petitioner, to review an order of the State Industrial Commission which denied its motion to discontinue payment of compensation theretofore paid by petitioner to C. C. Rhone, who will hereinafter be referred to as respondent.

The record discloses that respondent received an injury on the 25th day of July, 1945; that petitioner paid him compensation at the rate of $21 per week until the 6th day of September, 1945, when it discontinued payments and filed its application before the Industrial Commission to suspend further payments. Thereafter, and on the 12th day of September, 1945, respondent filed his first notice of injury and claim for compensation with the Industrial

Commission in which he described the cause of the alleged injury as follows: "fell about 8 feet on blower or large object striking my back, left hip and leg." Respondent, on the 9th day of November, 1945, then filed his application and motion before the Industrial Commission for continuation of payments for temporary total disability and for an order requiring petitioner to pay him all payments then in arrears. A hearing was had on these motions before Trial Commissioner Cheatham on the 9th day of November, 1945, and on the 26th day of November, he made the following findings of fact:

"That on July 25, 1945, the claimant herein was in the employ of the respondent, engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to the back and left leg.

"That claimant's wages at the time of said injury were $6.40 per day, fixing his rate of compensation at $21.00 per week.

"That claimant was paid compensation for temporary total disability to September 6, 1945, at the rate of $21.00 per week, and that claimant is at this time temporarily totally disabled and has been since September 6, 1945, and in need of medical attention, and claimant is entitled to accrued compensation in the sum of $252.00, or 12 weeks at $21.00 per week, computed from September 6, 1945, to November 29, 1945, and compensation to be continued at the rate of $21.00 per week, until claimant's temporary total disability has ceased, not to exceed 300 weeks, or until otherwise ordered by the Commission."

Upon these findings an award was entered by him in favor of respondent requiring petitioner to pay the sum of $252, accrued compensation from September 6, 1945, to November 29, 1945, and to continue payments at the rate of $21 per week, until total temporary disability ceased, not to exceed 300 weeks. The award of the trial commissioner was affirmed on appeal by the commission en banc.

Petitioner contends that there is no competent evidence upon which to sustain the award. It is not disputed that respondent sustained an injury as claimed. The only dispute is as to the extent of injury. In this respect respondent, in substance, testified: That on the 25th day of July, 1945, while in the employ of petitioner and in the course of his employment, he sustained an injury to his back and left leg when he fell from the top of a sand blast house while engaged in oiling machinery then being operated by petitioner; that there was situated on the floor immediately below him a blower which was constructed of steel, and the blower had a flange about two feet in length across the top which had a sharp edge; that in falling he struck this sharp edge causing an injury to his back and left leg; that in about 20 minutes after he received the injury he walked a distance of about 50 yards to a first aid station, where he received temporary treatment. After receiving such treatment he returned to his home and reported for work the next day but was unable to work. On the 27th day of July, 1945, he made a request of petitioner that he receive treatment for his injuries. He was thereupon taken by petitioner to Dr. McBride's clinic, where he was examined and treated by two doctors, but that Dr. McBride neither examined nor treated him at that time. He was discharged from the clinic on the 6th day of September, 1945, as able to work, but that he has suffered pain in his hip and left leg ever since and was so suffering at the time he was discharged; that he was confined to his bed for most of the time since he received his injury and since he was discharged by the clinic; that he was still unable to work because of his injury; that he had at no time prior to the alleged injury received any other injury to his back and that he had never before filed a claim before the commission for compensation.

Dr. C. H. Moore testified that subsequent to the accident he had examined respondent on four different occasions, the last examination having been made on the date of hearing; that he obtained a history of the case from respondent which history as testified to by the doctor substantially conforms to the facts testified to by respondent as above stated; that he made an X-ray examination of respondent; that from the history obtained and his personal examination it was his opinion that the respondent had sustained a concussion and possible strain to the lumbar region of his back; that his examination revealed a moderate left sciatica; that it also revealed a tenderness over the exit of the left sciatic nerve; that in his opinion respondent was still temporarily totally disabled from the performance of ordinary manual labor, and that such condition was due to the injury sustained on July 25, 1945.

Dr. McBride, in behalf of petitioner, in substance testified: Respondent came to his clinic for examination and treatment on July 27, 1945; that he did not examine or treat him on that occasion, but that he was treated by other physicians; that he was dismissed from the clinic on the 20th day of August, 1945, as able to go to work; that he examined respondent on the 30th day of October, 1945, and at that time found no evidence of any disability and no condition that should prevent him from working; that this was the only examination he ever made of respondent. He further testified that respondent gave him no history of having fallen eight feet to the floor and of having struck his back against the sharp edge of a blower as testified to by respondent; nor did he give any history of any injury to his back and left leg; that the only injury he then complained about was an injury to his left buttock; that he, however, at that time stated that he received a fall while engaged in oiling machinery and that he also at that time complained of suffering pain in his back and left leg.

The evidence shows that respondent gave to Dr. Moore a more complete history of the case when he was examined by him than he did when the examination was made by Dr. McBride.

Petitioner contends that since respondent gave one history of the case when he was examined by Dr. McBride and a different history when examined by Dr. Moore, and since Dr. Moore's evidence was based primarily upon the history given him by respondent, the commission should have disregarded the evidence of both respondent and Dr. Moore as being without probative value and should have accepted the evidence of Dr. McBride and should have sustained its application to discontinue payments. The case of Acme Flour Mills et al. v. Bray et al., 185 Okla. 516, 94 P. 2d 828, is cited in support of this contention. We there said:

"Testimony of an expert witness based upon a history admittedly incomplete and inaccurate has no probative value."

The evidence does not establish that Dr. Moore's evidence and opinion was based upon a false, inaccurate, and incomplete history of the case given him by respondent. The mere fact that respondent may have given a more full and complete history of the case when he was examined by Dr. Moore than when he was examined by Dr. McBride is not in itself sufficient to establish that a false, inaccurate, or incomplete history of the case was given by him to Dr. Moore. There is no evidence in the record which tends to establish that the history of the case as given to Dr. Moore was not a correct history. It cannot, therefore, be said that the evidence of either respondent or Dr. Moore is without probative value.

The Industrial Commission properly considered their evidence. The weight to be given such evidence was a question solely for its determination.

There is competent evidence in the record tending to support the award

made by the Industrial Commission. It will therefore not be disturbed by this court on review.

Award sustained.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.