**BIG FOUR COLD STORAGE and Hartford Accident and Indemnity Company, Petitioners,**

**v.**

**Oscar SHANKS and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 41438.**

Supreme Court of Oklahoma.

Feb. 15, 1966.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for petitioners.

Schwoerke & Schwoerke, by C. W. Schwoerke, Charles Nesbitt, Atty. Gen., Oklahoma City, for respondents.

WILLIAMS, Justice.

This is an original action by Big Four Cold Storage and its insurance carrier, Hartford Accident and Indemnity Company, to review an order of the State Industrial Court awarding the claimant, Oscar Shanks, temporary total disability and medical treatment.

The parties will be referred to herein as they appeared in the trial tribunal.

The facts showed that the claimant was employed by the respondent to work in the freezer and cold storage plant where the temperature was approximately zero degrees. His work entailed lifting, carrying and stacking packaged meat. He would work about 45 minutes in the cold area and then would go out on the dock for 15 minutes to warm. The claimant commenced this type of work about the first of July, 1964. In the afternoon of Friday, August 14, 1964, the claimant was working in the cold storage area when he had a pain in his chest and left arm. He testified that he had noticed a little pain in his chest for about a month (since he had started working in the cold storage area) but that the pain on August 14 was more severe than ever before; that he was supposed to work on the following Saturday but he didn't feel like working. On Sunday (August 16) the claimant's wife drove them to the home of relatives near Lawton, Oklahoma, and while there the claimant started to help lift a harrow, but he was hurting and couldn't help. On Monday the claimant started to eat before going to work but he couldn't eat because his "jaws locked" and he broke out in a cold sweat. The claimant went to a doctor and was placed in a hospital where he remained for six days for treatment of his heart. Approximately three weeks after he was released from the hospital, he again had trouble with his heart and was taken to a hospital where he stayed for eleven days.

The respondents contend there is no competent medical evidence to support the award of the State Industrial Court for the reason that the claimant's doctor was not advised of claimant's activities on Sunday, August 16, 1964. Respondents cite Acme Flour Mills et al. v. Bray, 185 Okl. 516, 94 P.2d 828, for the proposition that the testimony of an expert witness, which is based upon an incomplete and inaccurate history, has no probative value and an award based upon such testimony will be vacated. In Acme Flour Mills et al. v. Bray, supra, the court vacated an award in favor of claimant whose medical witness was not advised that the claimant was suffering from an attack of gonorrhea at the time of the alleged injury to the groin. Therein we said:

"* * * This opinion of the witness appears to have been based entirely upon a history given him by the respondent and which admittedly did not completely, correctly and fully advise the witness with respect to respondent's condition at the time of his alleged injury and hence his opinion being based upon a faulty premise and without a consideration of all the factors involved had no probative value, as the respondent had the burden of establishing his claimed disability by the testimony of skilled and professional persons. * * *"

The testimony concerning the claimant's activities on August 16, 1964, in the instant case, merely shows that the claimant started to lift or slide a harrow and stopped when he had pain. At best, the testimony merely shows he helped slide or scoot the harrow six inches. There was no testimony that the claimant strained or exerted himself in any manner. Such an omission in the history in the medical testimony does not make the medical conclusions of claimant's doctor invalid and of no probative value. It is not absolutely essential that the history given to a medical witness include all the facts the evidence tends to prove. Black, Sivalls & Bryson, Inc. v. Rhone, 197 Okl. 347, 170 P.2d 538.

On cross-examination the claimant's doctor testified as follows:

"Q: Can we say medically then if he hadn't done this work on Sunday which caused the pain that he wouldn't have been able to go back to work on Monday; how can we say that? It is kind of difficult to determine, isn't it?

"A: Yes. I wouldn't be able to determine it.

"Q: You wouldn't be able to say under those facts, would you?

"A: No."

The respondents contend that the above testimony presents a situation very similar to that found in Garr-Wooley Oil Co. v. Yeargin, Okl., 355 P.2d 410. In the Garr-Wooley case, supra, the medical witness for the claimant had assumed that an x-ray of the claimant's chest on a certain date, showed the claimant's lungs to be normal. (The disability concerned damage to the lungs). There was evidence that the x-ray which the claimant's doctor assumed was normal, revealed some abnormalities in the lungs. Upon cross-examination, the claimant's doctor admitted that if the x-ray, which he had assumed to be normal, showed lung damage, that such lung damage probably pre-existed the date of inhaling the fumes which the claimant alleged was the injury which caused the disability.

The answers elicited from the claimant's doctor in the instant case reveal a situation much different from the Garr-Wooley case, supra. In effect, the question asked on cross-examination was: "Considering the activities of the claimant on Sunday, August 16, are you able to state whether such activities would cause the claimant to be unable to go to work the following Monday?". The doctor answered in the negative. Such testimony does not reveal a wrong assumption of a material fact as was found in the Garr-Wooley case, supra. There is no indication that the claimant's doctor would have changed his testimony in any respect had he been advised of the activities on August 16. The judge of the trial tribunal and that court upon appeal apparently were not impressed with subject argument. Nor are we.

We find there is competent evidence supporting the order of the State Industrial Court.

Award sustained.