John CASSIDY, Jr., d/b/a Cyclone Well Servicing, Petitioner,

v.

Cecil HARDING and the State Industrial Court of the State of Oklahoma, Respondents.

No. 43025.

Supreme Court of Oklahoma.

Feb. 25, 1969.

Rehearing Denied March 25, 1969.

James & Butts, Stroud, for petitioner.

Walter Jones, Bristow, for respondents.

HODGES, Justice.

There is presented here for review an award of the State Industrial Court allow-

ing the claimant below, 33 per cent permanent partial disability to the body as a whole. For convenience parties will be referred to as they appeared in the trial court. The sole question for review is the sufficiency of the medical evidence to sustain the award.

The respondent stipulated that the claimant was in their employ on October 6, 1966, and on that date received an accidental injury, however they deny that the type of injury he sustained was the type described in his Form 3. Respondent asserts that claimant received an injury to his back which did not result in any permanent disability, and introduced medical testimony to that effect. In their brief the respondent complains that the order of the trial judge is incorrect in that it is not based upon any competent medical evidence and justice requires that the order be vacated. The portion of the order that particularly wounds the respondent and forms the issue here on appeal is that part which states the claimant sustained an,

"* * * injury to his back, *aggravating a pre-existing condition*," and the portion stating, "that as a result of said injury, claimant has sustained 33 per cent *permanent partial disability* * * *". (Emphasis supplied.)

Respondent introduced the reports of two doctors indicating that claimant had received contusions and bruises about his body due to the accident. One of the doctors, a Dr. S. stated that claimant had aggravated a pre-existing arthritic condition which had subsided and that claimant did not have any permanent disability as a result of the accident. Dr. J. concurred with the diagnosis and findings of Dr. S.

Claimant introduced the report and deposition of Dr. J. who testified that claimant had symptoms of a ruptured disc between L5 and S1. The doctor advised against any corrective surgery. In his opinion surgery would not restore this 60 year old claimant's ability to perform ordinary manual labor. Dr. M. indicated that claimant had 75 per cent disability as a result of the accident, but did not find a pre-existing condition.

Respondent indicates that the record is totally absent of any medical testimony that will support the order of the trial judge awarding the claimant 33 per cent disability to the body as a result of an injury to the back, aggravating a pre-existing condition. He points out that the doctor who testified on behalf of the claimant did not find a pre-existing condition, and the doctors who testified on behalf of the respondent did not find any permanent disability as a result of the accident.

We find that there is testimony in the record from the respondent's own doctors that claimant had a pre-existing condition. Since respondent's doctors did not find any permanent disability and claimant's doctor did, it appears that respondent's real argument is that the trial judge combined the medical testimony of both claimant and respondent and reached a decision based in part on claimant's medical testimony and in part on respondent's medical testimony.

This court is committed to the rule that the opinion of a medical expert need not be given in the precise language of the statute and an award of the State Industrial Court rests on competent evidence when it is supported by the general tenor and intent of the medical testimony. Lee Way Motor Freight Inc. v. Highfill, Okl., 429 P.2d 748. It is not uncommon for the trier of the facts to accept part of a witness's testimony and reject a part. It is the duty of the trial judge to listen, observe, weigh and evaluate the evidence as presented in the testimony of witnesses, whether lay or expert, and then arrive at a decision. Such decision is then based on the testimony that seems most plausible and acceptable, whether it comes in part from one or more witnesses or entirely from one source.

In the present case, the medical findings by the trial court supporting the award are not incompatible, even though based in part on claimant's medical evi-

dence and in part on respondent's medical evidence.

This court has consistently held that where there is any competent evidence to support the findings of the trial court the award will not be disturbed. We find there is competent evidence upon which to base the award of the trial court.

Award sustained.

All Justices concur.