Jerry E. HAYNES, Respondent,

v.

PRYOR HIGH SCHOOL and Associated Indemnity Company, Petitioners.

No. 48872.

Supreme Court of Oklahoma.

Nov. 30, 1976.

Rehearing Denied July 12, 1977.

Ben A. Goff, Oklahoma City, for petitioners.

E. W. Keller and Paul F. Fernald, Oklahoma City, for respondent.

DOOLIN, Justice.

State Industrial Court en banc affirmed an order awarding compensation for permanent partial disability (40%) to body as a whole, necessary medical expenses and disfigurement from surgery, found to have resulted from aggravation of a heart condition. Petitioners, hereafter respondents, bring this proceeding for review and vacation of the order and award.

Claimant, a teacher and football coach at respondent high school, had a history of cervi-sternal chest pain with relation to the neck, which had become more pronounced during year prior to incident related. Pain associated with exertion, such as lawn mowing or walking up hill, accompanied by sweating and breathing difficulty, was relieved by rest. On October 18, 1974 claimant completed a busy schedule teaching and finalizing preparations for taking the football team to an out-of-town game.

At game half-time claimant left the field and trotted uphill 50–100 yards with the team, but experienced severe chest pain and had to stop. The team doctor examined claimant briefly, the pain stopped after 10 minutes and claimant was directed to come to a clinic on Monday for examination. Clinical testing was performed and claimant was advised to see a Tulsa specialist for further testing. Extensive examination and testing was administered and a tread-

mill test was grossly positive, which was basis for diagnosis of organic heart disease.

Claimant was hospitalized and a right and left catheterization and coronary angiography was performed. This established claimant was suffering arteriosclerotic heart disease with severe three vessel coronary disease. Right coronary artery was completely occluded at the orifice. In the left coronary the circumflex artery showed mild diffuse lesion in proximal portion, 80–90% lesion in middle one-third, and 50% lesion at origin of obtuse marginal branch. Left anterior descending showed 80–90% lesion at junction of proximal and middle third; distal left anterior was small with evidence of diffuse 50% disease.

Basic diagnosis was severe three vessel coronary artery disease, with recommendation of "triple jump aortocoronary saphonous vein bypass grafts to distal right, circumflex and left anterior descending arteries." Surgery was performed October 29, 1974, post operative history was mainly uneventful, and after three months claimant underwent multi-stage treadmill test which was negative for ischemic heart disease. Claimant's physician (Dr. R.) expressed no opinion as to cause of his condition.

Deposition testimony of Dr. M.T.B., based upon history and physical examination conducted January 10, 1975 was introduced by claimant. The doctor found no evidence of myocardial infarction, but was of the opinion claimant suffered from arteriosclerotic artery disease which was aggravated, accelerated and probably caused by strain, tension and exertion as football coach. The doctor was unable to testify any permanent damage to claimant's heart resulted from occurrences at the football game. The doctor recognized coronary artery disease is a degenerative process, but thought accelerated pulse, tension, and related events caused pain which initiated a sequence of events which resulted in surgery.

Respondents introduced a report from Dr. Mc., who examined claimant February 18, 1975, after taking extensive history. The physician was of the opinion claimant was suffering arteriosclerotic heart disease due to obesity and smoking, but the heart condition had not resulted in myocardial infarction. Claimant was 25% permanently partially disabled to body as a whole, but no disability was job related.

Petitioners' contention is that heart disease which progresses to a point requiring corrective surgery is not compensable as an accidental injury under Workmen's Compensation Act, 85 O.S.1971 § 1, et seq., since it is uncontroverted claimant did not suffer a heart attack.

Claimant's position is that decisional law establishes compensability of heart ailments aggravated by job related activity, but without defining the degree of severity to which the condition must advance before becoming compensable. Upon this basis claimant insists employment related exertion, which lights upon and aggravates a prior heart condition, causing pain and initiating onset of events requiring corrective surgery must be compensable.

It is unnecessary at this time to determine whether work-related activity inducing onset of pain, later determined to result from disease of the coronary artery necessitating corrective surgery, constitutes accidental injury within meaning of 85 O.S.1971 § 3(7). The statute provides:

"Injury or personal injury" means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom and occupational disease arising out of and in the course of employment as herein defined."

██ Numerous decisions have defined accidental injury within meaning of the statute, supra, and further declare the term must be given a broad and liberal construction with a view to compensating injured employees. Likewise, consistent application of the Act has required claimants to assume the burden of proving an injury arose out of and in course of employment. The latter rule is basis for the settled requirement that where disability is of a character to require skilled professional men to determine cause and extent thereof, the question

is one of science and necessarily must be proved by expert testimony. Thus, where nature of injury for which compensation is sought depends upon expert medical evidence, the record must contain competent evidence of accidental injury causing disability. Where there is no competent evidence to support finding that disability resulted from employment an order of State Industrial Court must be vacated.[1]

■ Probative value of medical evidence is for State Industrial Court, which may accept all or part of the evidence, or reject such evidence entirely.[2] On review Supreme Court does not weigh expert testimony, but examines record only to ascertain whether any competent evidence supports the order reviewed. Application of these rules requires examination only of medical evidence tendered by claimant to support claim for accidental injury.

Careful examination of Dr. M.T.B.'s deposition discloses only an opinion the events related caused pain, and aggravated claimant's coronary disease sufficiently to "frighten him" into seeing a doctor. Arteriosclerotic heart disease from which claimant suffered was not caused by tension and excitement. The doctor expressed no opinion this episode of pain was in the nature of a heart attack, or that the event occasioned permanent heart damage. Rather acceleration of pulse from tension and related events initiated a sequence of events which resulted in surgery. The incident of pain did not cause permanent damage to claimant's heart or coronary artery, but permanent disability resulted from pain which led to surgery.

The physician's testimony reflects opinion claimant's arteriosclerotic coronary artery disease was aggravated, accelerated and probably caused by strain and exertion of employment and pain therefrom. But occurrence of pain is referred to as the "incident" induced by exertion, which refers to the result of existing arteriosclerosis, and not to permanent damage to the coronary artery induced by tension and exertion.

■ This evidence cannot be interpreted as establishing the incident of pain (on October 18, 1974) resulted from accidental injury distinguished from prior incidents induced by ordinary activities, or from arteriosclerotic disease from which claimant suffered. The evidence can be construed only as medical opinion showing disability resulted from coronary artery disease, existence of which first was manifested by pain and thereafter confirmed by exploratory medical procedures. No authority is cited and we know of none holding occurrence of pain constitutes accidental injury.

Recently, in *Meadow Gold Dairies v. Oliver*, 535 P.2d 290 (Okla.1975) we reviewed our decision in *H. J. Jeffries Truck Line v. Grisham*, 397 P.2d 637 (Okla.1964). In pointing out four specific elements enumerated in *Grisham*, we noted, although preexisting disease constitutes a pre-disposing cause, *internal* injury of sudden, unusual, or unexpected nature may be accidental in nature. In the case now reviewed no medical evidence shows a sudden, internal injury of unexpected nature. During work-related activity claimant exhibited symptoms theretofore evidenced during involvement in ordinary activity. This indicated necessity for medical determination of the physiological reason for pain, which was no more accidentally provoked than earlier incidents which occurred while walking.

Decisions supporting compensation awards for injury by heart attack are limited to injuries attributable to coronary occlusion, thrombosis, or myocardial infarction. Review of numerous decisions establishes that injury of sudden, unusual and unexpected nature is prerequisite for finding accidental heart injury. This prerequisite can be established only by expert medical testimony. Medical evidence in the present review does not establish an accidental heart injury. There is no competent medical evidence to support State Industri-

1. *Chief Freight Lines, Inc. v. Rines*, 395 P.2d 799 (Okla.1964); *Glaspey v. Dickerson*, 350 P.2d 939 (Okla.1960).

2. *City of Nichols Hills v. Hill*, 534 P.2d 931 (Okla.1975).

al Court finding of accidental injury. In absence of competent medical evidence to support State Industrial Court adjudication an award will be vacated.[3]

Award vacated.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN, BERRY and BARNES, JJ., concur.

DAVISON, LAVENDER and SIMMS, JJ., dissent.

3. *Glaspey v. Dickerson supra.*