REFRIGERATED TRANSPORT INC.,
and Truck Insurance Exchange,
Petitioners,

v.

John G. CREEK and State Industrial
Court, Respondents.

No. 51105.

Supreme Court of Oklahoma.

Jan. 30, 1979.

Paul V. McGivern, Jr., McGivern, Scott & Cornish, Tulsa, for petitioners.

Richard A. Bell, Norman, for respondents.

SIMMS, Justice:

Petitioner, hereinafter referred to as respondent, seeks review of an award of the State Industrial Court to respondent, hereinafter claimant, for compensation of injury to claimant's heart during covered employment.

Respondents denied accidental injury, notice or request for medical treatment, or permanent disability resulting from the alleged injury. The fact of employment in a hazardous occupation and the applicable compensation rate were stipulated.

The trial judge found claimant had sustained accidental personal injury consisting of injury to the heart by aggravation of a previously existing heart condition, and awarded compensation for permanent total disability. The order of the trial judge was affirmed by the State Industrial Court en banc, however respondents seek vacation of the award upon the ground that claimant's disability resulted from a pre-existing disease and not an accidental injury.

The record discloses that claimant first suffered a non-work related heart attack in 1961 when he was first diagnosed as suffering from arteriosclerosis. Heart medication was prescribed. Claimant suffered a subsequent heart attack in 1973 requiring double bypass surgery. Although still under the care of a physician who had continued prescribing heart medication for claimant, claimant was employed as a laborer and truck driver by different firms in the Hominy area in 1974.

Following a pre-employment examination by respondents' doctor, claimant was employed by respondent as a truck driver in March, 1976. Claimant's work duties were assisting in loading and unloading truck cargo, as well as truck driving. He was able to perform any work required of him prior to the time of the injury for which claim is now made.

On July 18, 1976, claimant was driving a cab-over-engine tractor and loaded trailer from Kansas to Tulsa, Oklahoma. Near the state line, the truck throttle broke causing claimant to stop and attempt to repair the trouble. He was unable to raise the cab from the truck, however, after some 45 minutes of contortional effort, claimant reached the throttle linkage and was making repairs when he was stricken by sharp pains across his chest, dizziness, and nausea. Although claimant was in severe pain, he completed the repairs, but spent the remainder of that night in the truck.

The following morning, claimant proceeded to the Tulsa Terminal where he advised the supervisor of the mechanical trouble and his contemporaneous physical problems. Claimant then went home, was seen by a doctor, and was hospitalized for four days for treatment of his heart condition. While hospitalized, respondents called for claimant to make another trip and were told that claimant was under treatment.

After leaving the hospital, claimant saw his supervisor and advised him that he was feeling better. In answer to an inquiry, claimant indicated a preference for making short runs until he felt better, and the next day was dispatched to Houston, Texas. Following two intervening runs, claimant departed for a New Jersey destination on August 24, 1976. Claimant suffered an onset of chest pains near Joplin, Missouri, which required emergency room treatment. At the Joplin hospital, claimant received an injection and was allowed to continue. A recurrence of chest pain at Waynesville, Missouri, necessitated several days hospitalization in a Coronary Care Unit, and upon being released, claimant was taken home by his wife.

Claimant was never able to work after this last episode, and continued to suffer chest pain upon mild exertion.

Medical evidence is severely conflicting, both as to the cause and the extent of claimant's disability.

Claimant's medical evidence consisted of reports and the deposition testimony of two doctors. A history received by each physician fully reflected the evidentiary matters above summarized, including a complete history of claimant's prior heart condition. One of claimant's doctors related an opinion based upon a complete physical examination, including the effects of running in place for a short period of time, and an electrocardiogram. In the opinion of the doctor, the electrocardiogram showed no appreciable changes indicative of arteriosclerotic heart disease or heart damage. However, the doctor was of the opinion that claimant had sustained exacerbation of coronary artery disease, with resultant extension of injury to previously existing cardiovascular disease, which resulted in permanent total disability. Based essentially upon the same history as received by the first doctor, claimant's second doctor reported findings predicated upon a physical examination and electrocardiogram, which in the opinion of the second doctor, revealed that claimant had suffered traumatic injury resulting in extension of previous heart injury. The second was of the further opinion that there had been a strong aggravation of a pre-existing heart condition which resulted in permanent total disability for performance of ordinary manual labor.

Respondents' medical evidence consisted of a letter report from their doctor after an examination on December 23, 1976, and deposition testimony evoked on cross-examination, that: physical, laboratory and x-ray examinations were within normal limits; and electrocardiogram revealed slight depression of ST segments, suggestive of digitalis effect. This confirmed the findings reported by claimant's first doctor. Respondents' physician's impression disclosed history of myocardial infarction in 1961 and 1973, and vascular procedure in 1973, with past, present and continuing angina pectoris; that claimant suffered from progressive and continuing cardiac disability due to coronary artery disease. The physician who examined claimant on behalf of respondents was of the opinion that cardiac revascularization procedures were employed primarily to stop chest pain, but heart disease continued despite the surgical procedures, as evidenced by prior and present history of pain. The doctor was of the further opinion that the cardiac condition was neither better nor worse than expected in view of cardiac disease history, and working condition did not cause further cardiac disease.

When deposed, the medical expert employed by respondent stated the truck episode did not cause, irritate or aggravate claimant's condition. He also testified the repair work did not involve exertion as described, however, the repairing of the truck was an unusual incident with which the claimant could not cope; that pain claimant continued to suffer after surgery was the same as claimant's pain while working and which continued after the incident of unusual exertion; that doubled or tripled amount of medication after the incident of unusual exertion would indicate a worsening condition, but aggravation of claimant's condition was not attributable to an act of exertion. Respondent's doctor stated that claimant had progressive cardiovascular disease with coronary artery disease, and continuance of pain showed not even minimal benefit from surgery and that claimant was not totally disabled from employment as a truck driver.

Respondent's principal contention is that claimant's disability did not result from any accidental injury during covered employment, but was caused solely from a pre-existing heart disease. Supporting argument rests upon expressions in *Haynes v. Pryor High School, Okl., 566 P.2d 852 (1976),* viz: awards for injury by heart attack are limited to injuries attributable to coronary occlusion, thrombosis, or myocardial infarction. Respondents insist this, and related statements in *Haynes,* provide parallels with the present case sufficient to support

the conclusion as to a failure of medical evidence to show an occurrence of an accidental injury.

This argument disregards salient medical evidence which distinguishes the instant case from *Haynes*. In *Haynes,* the only symptom was chest pain upon exertion relieved by rest. An episode of pain provoked later clinical testing which produced a diagnosis of arteriosclerotic heart disease, thereafter alleviated by coronary artery surgery. In *Haynes,* no medical evidence showed a particular episode of pain was induced by any accidental injury as distinguished from prior incidents of pain, or arteriosclerotic disease from which the claimant was found to suffer.

The case under review presents a different situation. Claimant was known to suffer from coronary artery disease prior to his heart attack and subsequent vascular surgery in 1973. Coronary artery bypass surgery was performed to remedy this condition and claimant thereafter was physically able to perform manual labor until July 18, 1976. Unusual exertion induced a debilitating episode of chest pain which radiated into the left arm, nausea and dizziness, causing claimant to be hospitalized. Contrary to the situation in *Haynes, supra,* the existence of coronary disease was not manifested by pain and thereafter confirmed by clinical findings as causing the disability. Here, prior heart attacks resulted in a diagnosis of coronary artery disease necessitating bypass surgery, which accomplished the desired result, restoration of ability to perform manual labor.

■ Medical evidence determined the episode of unusual exertion had compromised claimant's cardiovascular system by aggravating a medically established, pre-existing infarcted heart induced by cardiovascular disease. Medical opinion attributed this result to injury accidentally induced by an unusual event at a determinable time. Disability is compensable when a pre-existing, dormant physical condition, or predisposition, is aggravated or accelerated by injury. *Oklahoma City v. Schoonover, Okl., 535 P.2d 688 (1975),* and cases cited therein.

■ In essence, the teaching of *Haynes* is that when an internal injury inflicted without a *visible* trauma-dealing episode is relied upon as the accident, medical evidence must show some work-induced change in pathology. Anginal pain of an ephemeral nature did not meet the accidental injury test there laid down. This case differs from *Haynes* because the internal pathology antedates the accident which consists of a *traumatic aggravation.*

■ Whether disability results from accidental injury, or prior injury or disease, is a fact question exclusively for determination by the State Industrial Court, whose findings on review by this Court will not be disturbed if based upon any competent evidence. Conflicting evidence relating to the issue is never weighed to determine weight and credibility. *City of Oklahoma City v. Lindsey, Okl., 549 P.2d 81 (1976).* Probative value of medical evidence to show disability resulted from accidental injury is determined by State Industrial Court, which may accept all or part of the evidence, or reject evidence entirely. *Cassidy v. Harding, Okl., 451 P.2d 698 (1969).* Claimant's medical proof in this case amply supports the finding of a strain-induced exacerbation of a pre-existing cardiovascular disease.

■ A further contention claims incompetency and inadmissibility of claimant's medical evidence, because based upon facts which were not in evidence *relating to inability to work after injury.* The evidence showed claimant returned to work, but no evidence indicated further physical difficulty resulted from any strain or exertion. We do not consider the medical opinion inadmissible because of this omission. The applicable rule does not require history given an examining physician to include every fact the evidence tends to approve. *Black, Sivalls & Bryson, Inc. v. Rhone, 197 Okl. 347, 170 P.2d 538; Big Four Cold Storage v. Shanks, Okl., 411 P.2d 546 (1966); Yarbro Const. Co. v. Griffith, Okl., 521 P.2d 75 (1974).* The rule is particularly applicable in this case, in view of other competent medical evidence based upon history which related all essential facts in evidence.

AWARD SUSTAINED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, DOOLIN, HARGRAVE, JJ., concur.

OPALA, J., specially concurring.

OPALA, Justice, concurring:

From my past experience [1] I know there exists some uneasiness and uncertainty about the meaning of *Haynes v. Pryor High School,* Okl., 566 P.2d 852 [1976]. My concern is that we now clearly mark out the limits of that decision for evenhanded consistency in its future application.

*Haynes,* in my opinion, is not to be regarded as confined to heart cases. Its message to me is much more general. It is that when accident, in the industrial-law sense, is said to consist of some internal failure that is deemed attributable to objectively imperceptible trauma with destructive force dependent entirely on the varying tolerance levels of a human organism, the required proof must show some resulting change in the affected person's pathology.[2] An episode of pain [without that accompanying change] will not do as an accident because pain, by itself, is but a symptom of some underlying process or, at best, a warning of something yet to come.

The *Haynes* rationale is quite inapposite when as here the accident is said to consist of a pre-existing and known pathology being either accelerated or advanced. Here it is sufficient when a physician's opinion attributes an "extension" or enlargement of the old, known and described condition to the proved efforts of on-the-job labor. A more detailed explanation of how the pathology was altered in course of being "aggravated" may be left to cross-examination.[3]

In short, *Haynes* governs claims of strain-induced internal injury, and is not to be applied to an aggravation of a pre-existing, known internal pathology.

1. As former judge of the Workers' Compensation Court.

2. Here the change in pathology stands included as an element in proving the accidental origin of the breakdown because strain, coupled with an internal change in pathology resulting from it, is deemed *ipso facto* an accidental injury. *H. J. Jeffries Truck Line v. Grisham,* Okl., 397 P.2d 637, 641 [1964].

3. Here the factum of an "enlarged" pathology is not an essential ingredient in proving the accident. Rather it affects the extent of disability to be awarded. This approach also accords with the new Oklahoma Evidence Code, 12 O.S.Supp.1978 § 2705.