**Larry Don PARROTT, Petitioner,**

v.

**R.L. PATTON, d/b/a Patton Homes, State Insurance Fund, and the Workers' Compensaton Court of the State of Oklahoma, Respondents.**

**No. 66,780.**

Court of Appeals of Oklahoma,
Division No. 3.

April 21, 1987.

Rehearing Denied June 2, 1987.

Certiorari Denied July 22, 1987.

Keith Myers & Darrell Latham, Altus, for petitioner.

John R. Schneider, State Ins. Fund, Oklahoma City, for respondents.

BAILEY, Judge:

Petitioner seeks review of the Workers' Compensation Court's *en banc* sustention of the Trial Court's order denying Petitioner's Motion for Temporary Total Disability. Petitioner is a sheetrock contractor, and injured his back installing sheetrock under contract to Respondent Patton Homes in mid-February, 1983. He continued to work for several days, until March 10, 1983, when he was hospitalized for the condition for five days. Dr. H. in Altus could not determine the cause of Petitioner's pain, and released Petitioner from the hospital. One week later, Petitioner's back problems did not improve, and Dr. H. performed a lumbar myelogram, revealing a ruptured disc in Petitioner's lower back. Surgery was performed on March 28, 1983, to remove the disc and repair Petitioner's back. Dr. H.'s medical report, admitted at trial, concluded that Petitioner's injury was a result of lifting sheetrock while employed, resulting in some permanent disability; Dr. H.'s report did not contain any reference to temporary total disability.

Petitioner revealed in his own testimony that he attempted to return to work in July, 1983, but did not earn any wages between March and July. After his return, he testified that he could not do much; he would work until his back hurt too much to continue, and would then go home. He did not resume full time employ until November, 1983, sometimes staying home for four or five days at a time, sometimes for weeks at a time.

Petitioner was examined by two other doctors. Dr. F. examined Petitioner in March, 1984 on behalf of Respondent State Insurance Fund. He stated that Petitioner's temporary total disability from the February, 1983 accident had terminated. Dr. P. examined Petitioner in March, 1984 at Petitioner's request, and stated that Petitioner had suffered temporary total disability from "somewhere in the early part of March, 1983, until November of 1983." Respondent Insurance Fund objected to the introduction of Dr. P.'s report, as incompetent because Dr. P. did not examine Petitioner during the period of temporary total disability. The Trial Court sustained Respondent's objection, denied Petitioner temporary total disability, but awarded Petitioner permanent partial disability and medical expenses.

Petitioner appealed the denial of temporary total disability to the Court *en banc*, which affirmed the Trial Court, finding the denial not against the clear weight of the evidence. From that ruling, Petitioner seeks review.

In this appeal, Petitioner asserts the error of the Trial Court in sustaining Respondent's objection to the introduction of Petitioner's medical report of Dr. P. The issue in this appeal therefore devolves to a reso-

lution of the question of whether Dr. P.'s report was incompetent as to his evaluation of Petitioner's temporary disability. Respondent asserts, as it did below, that Dr. P.'s evaluation was incompetent as Dr. P. did not examine Petitioner during the period of temporary disability.

With this contention we cannot agree. A physician's opinion is often based on the history a patient communicates to the physician, and the physician's opinion based thereon is not necessarily rendered incompetent because of an incomplete history. *See,* e.g., *Refrigerated Transport, Inc. v. Creek,* 590 P.2d 197 (Okl.1979); *Yarbro Construction Co. v. Griffith,* 521 P.2d 75 (Okl.1974); *Big Four Cold Storage v. Shanks,* 411 P.2d 546 (Okl.1966). Further, a physician's opinion, based on the examinations of other physicians is not rendered incompetent merely because other examining physicians specialize in a given area, as long as the examining physician possesses sufficient familiarity with the subject matter to form an opinion. *AMF Tubescope Co. v. Hatchel,* 547 P.2d 374 (Okl. 1976); *Drinkwater v. Orkin Exterminating Co.,* 361 P.2d 834 (Okl.1961); *Yarbro, supra.* An examining physician's rating of permanent disability is competent if his report is in substantial compliance with Rule 20, Rules of the Workers' Compensation Court, 85 O.S., Ch. 4, App. *Special Indemnity Fund v. Stockton,* 653 P.2d 194 (Okl. 1982). In that regard, the Oklahoma Supreme Court has recognized the competency of reports by non-treating physicians in *Yarbro Construction Co., supra,* 521 P.2d 75, at page 78.

Under this rationale, we hold that the sustention of Respondent's objection to Petitioner's medical report of Dr. P. was error requiring reversal. While we recognize that the weight and probative value of medical testimony and evidence is for the determination of the Trial Court, [*see,* e.g., *City of Nichols Hills v. Hill,* 534 P.2d 931 (Okl.1976)], we also recognize and hold that all evidence relevant to a claim should be admitted and considered by the Court in determining the extent of temporary or permanent disability. The fact that Dr. P. did not examine Petitioner during the period of temporary disability goes only to the weight of Dr. P.'s report, not to its competency, and as such, Dr. P.'s opinion, based on the history conveyed by Petitioner, of Petitioner's temporary disability should have been admitted into evidence. In that regard, it seems inconceivable to us that Petitioner would not have been totally and temporarily disabled, at the very least, during the ten or eleven days Petitioner was hospitalized both before and after surgery on Petitioner's back.

For the above reasons, the order of the Workers' Compensation Court denying Petitioner's prayer for temporary total disability is VACATED, and the cause REMANDED WITH INSTRUCTIONS to receive into evidence Dr. P.'s opinion as to temporary total disability for consideration in determining whether, in fact, Petitioner is entitled to compensation therefor.

VACATED AND REMANDED WITH INSTRUCTIONS.

HANSEN, P.J., and HUNTER, J., concur.