**RAINBO BAKING COMPANY, and Insurance Company of North America, Petitioner,**

v.

**Charles Lee HILL, and The Workers' Compensation Court, Respondents.**

**No. 73909.**

Court of Appeals of Oklahoma, Division No. 3.

May 29, 1990.

John N. McKenzie, Tulsa, for petitioner.

Wilson Jones, Tulsa, for respondents.

HANSEN, Presiding Judge:

Charles Lee Hill (Claimant) filed his Form 3 alleging a loss of pulmonary function due to "baker's asthma" from exposure to flour dust over the last 25 years of his employment with Rainbo Baking Company (Employer).

The trial court found Claimant suffered an occupational disease to his lungs arising out of and in the course of his employment with Employer. It also found Claimant entitled to temporary benefits for a period of 17 weeks and 3 days, totalling $3,797.51.

Employer appealed to the Court En Banc which affirmed the trial court's order, finding the claim compensable and awarding temporary benefits. It is from this latter order Employer now seeks review.

On appeal Employer's sole allegation is that there is no competent medical evidence to support the finding that Claimant has suffered an occupational disease arising out of and in the course of his employment. It states the only medical evidence presented, based on objective testing to determine whether Claimant's pulmonary problems were related to his exposure to flour dust, was that offered by Employer. Employer's expert, Dr. F., makes reference to the specific allergy test which resulted in the conclusion that Claimant "... does not have any signs of an allergic etiology to a shortness of breath and does not fit into any of the patterns of which we are aware that are produced to allergic exposure." Thus, Employer claims that by ignoring the objective testing available, Claimant's experts Dr. H. and Dr. R. have reduced what should be expert medical testimony based on objective fact into mere speculation, rendering it incompetent. We disagree.

Employer has cited us to no authority demonstrating that objective allergy testing is indicated in a diagnosis of bakers asthma. Moreover, Dr. R., Claimant's expert, testified that a positive skin test to wheat flour in persons who are grain workers was not necessarily a specific test. He further opined that it would not have mattered whether this test was positive or negative; a negative test would not indicate that Claimant was not hypersensitive to flour.

 It is the duty of the trial judge to listen, observe, weigh and evaluate the evidence as presented in the testimony of witnesses whether lay or expert, and then arrive at a decision. Such decision is then based on the testimony that seems most plausible and acceptable, whether it comes in part from one or more witnesses or entirely from one source. *Cassidy v. Harding*, 451 P.2d 698 (Okla.1969). In this matter it was within the trial court's discretion to rely on the testimony of Claimant's medical experts, Dr. R. and Dr. H. There was competent evidence to support the decision of the Court En Banc. *See Parks v.*

*Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984).

Claimant's request for costs and attorney fees on appeal is denied.

Order SUSTAINED.

BAILEY and ADAMS, JJ., concur.