**Don C. BLACK, Petitioner,**

v.

**RENSHAW PAINTING, Commercial Union Insurance, and the Workers' Compensation Court, Respondents.**

**No. 74983.**

Court of Appeals of Oklahoma, Division No. I.

Jan. 15, 1991.

Rehearing Denied Feb. 21, 1991.

Richard A. Bell, Norman, for petitioner.

Mary A. Kelly, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for respondents.

## MEMORANDUM OPINION

BAILEY, Judge:

Petitioner Don C. Black (Claimant) seeks review of an order of the Workers' Compensation Court sitting *en banc*. The Trial Court found Claimant to have suffered congestive heart failure arising out of and in the course of the employment with Respondent Renshaw Painting (Employer). On appeal, the Court *en banc* reversed the Trial Court's order, finding the Trial Court's order contrary to law and the clear weight of the evidence, and denied the claim. In this review proceeding, Claimant asserts (1) misapplication of the law to the facts of the case by the Court *en banc*, (2) lack of competent evidence to support the *en banc* determination, and (3) fatal uncertainty in the *en banc* order.

Claimant, a diabetic with a history of cigarette smoking, testified that on April 15, 1986, in the course of strenuous work with Employer, he suffered extreme chest pain. Claimant finished his duties for the day and went home. Claimant's chest pains did not subside, and the next day, he consulted his family physician. The family physician referred Claimant to a cardiologist, who hospitalized Claimant for three days of testing. Claimant was subsequently discharged with a diagnosis of congestive heart failure.

At trial, Claimant introduced, and the Trial Court admitted (over Employer's competency objection) the medical report of Dr. G.M. Dr. G.M. found Claimant to suffer from work-related congestive heart failure, resulting in forty percent (40%) permanent partial disability (PPD) to the body as a

whole. Employer introduced, and the Trial Court admitted (over Claimant's competency and probative value objections) the medical report of Dr. Y. Dr. Y. agreed that Claimant suffered from congestive heart failure, and rated PPD at thirty percent (30%). However, Dr. Y. found Claimant's condition unrelated to the employment.

The Trial Court determined Claimant to have suffered compensable congestive heart failure, and awarded Claimant benefits for thirty percent (30%) PPD. Employer appealed to the Court *en banc*. The Court *en banc* found Claimant's heart ailment did not arise out of and in the course of the employment, held the Trial Court's order both contrary to law and against the clear weight of the evidence, and reversed the Trial Court's award. Claimant appeals as aforesaid.

In his first proposition, Claimant argues the Trial Court's order is not erroneous as a matter of law, and the finding thereof by the Court *en banc* should therefore be vacated.[1] Employer responds, asserting, in essence, that only certain types of work-related heart injuries fall within the scope of coverage of the Workers' Compensation Act, and that there was no competent evidence introduced at trial to support a finding of compensable accidental injury to Claimant's heart.[2]

■ As we read the cited cases, a claimant may demonstrate compensable injury to heart in one of two ways. First, and where claimant establishes, by competent medical evidence, that he/she has suffered a work-related occlusion, thrombosis or myocardial infarction, the injury may be held compensable.[3] Alternatively, where claimant establishes, by competent medical evidence, work-related aggravation of a pre-existing heart condition, i.e., some "work-induced change in [heart] pathology," said injury may be held compensable,[4] and we refuse to endorse the more restrictive reading of *Haynes* urged by Employer.

■ In the instant case, therefore, we find no reversible error of law by the Trial Court warranting appellate intervention by the Court *en banc*. At trial, Claimant introduced and the Trial Court apparently believed otherwise competent medical evidence, finding work-related aggravation of Claimant's arguably pre-existing and/or non-job-related heart condition, and such a factually supported determination is not, in our view, contrary to established Oklahoma law.[5] The fact that we hold the Trial Court's ruling unaffected by error of law is not, however, dispositive of the subject action for review, and we turn our attention to the remaining allegations of error.[6]

**1.** See, *Refrigerated Transport, Inc. v. Creek,* 590 P.2d 197 (Okl.1979); *Haynes v. Pryor High School,* 566 P.2d 852 (Okl.1976).

**2.** In complimentary argument asserted both at trial and here in review, Employer argues Claimant's medical evidence is incompetent, in that Dr. G.M. made no finding of work-related "causation or an [accidental] injury to [Claimant's heart] which the Supreme Court has held compensable in Oklahoma." Employer bases this argument on language contained in *Haynes v. Pryor High School,* wherein the Supreme Court stated:

Decisions supporting compensation awards for injury by heart attack are limited to injuries attributable to coronary occlusion, thrombosis, or myocardial infarction.
*Haynes,* 566 P.2d at 854.

**3.** *Haynes v. Pryor High School,* 566 P.2d at 854. See also, e.g., *Mitchell v. Lepak Trucking Co.,* 561 P.2d 967 (Okl.1977) (myocardial infarction); *City of Oklahoma v. Lindsey,* 549 P.2d 81 (Okl. 1976) (coronary involvement); *Farmers' Co-op Exch. of Weatherford v. Krewall,* 450 P.2d 506 (Okl.1969) (heart disability); *H.J. Jeffries Truck Lines v. Grisham,* 397 P.2d 637 (Okl.1964) (coronary occlusion); *Arkansas Louisiana Gas Co. v. Evans,* 397 P.2d 505 (Okl.1964) (coronary thrombosis).

**4.** *Refrigerated Transport, Inc. v. Creek,* 590 P.2d at 200; *Haynes v. Pryor High School,* 566 P.2d at 854. See also, e.g., *K.P. Construction Co., Inc. v. Death of Parrent,* 562 P.2d 501 (Okl.1977) (stress and strain of employment aggravating pre-existing cardiac arrythmia and arteriosclerosis and causing fatal heart attack); *Hefner Co. v. Lantz,* 393 P.2d 845 (Okl.1964) (strenuous work aggravating pre-existing heart condition and causing fatal heart attack).

**5.** *Refrigerated Transport, Inc. v. Creek,* 590 P.2d at 200; *K.P. Construction Co., Inc. v. Death of Parrent,* 562 P.2d at 504–505.

**6.** *Parks v. Norman Muni. Hospital,* 684 P.2d 548, 552 (Okl.1984) ("When panel-substituted fact findings are under review in an appellate court, the corrective process is confined to issues of

In his second proposition, Claimant asserts no competent evidence to support the determination of the Court *en banc*. Hereunder, Claimant argues that all the evidence, medical or otherwise, from both Claimant and Employer, indicates either injury to Claimant's heart and/or aggravation of Claimant's heart condition causally related to the employment, i.e, arising out of and in the course of the employment, for which compensation should have been awarded, and that therefore, the order of the Court *en banc* should be vacated.

■ It is well-settled in Oklahoma that "[w]hether heart [injury] sustained by a workman arose out of and in the course of the employment, or from other cause unrelated to or disconnected from employment, presents a fact question for [Workers' Compensation] Court determination."[7] The probative value of evidence likewise presents a fact question to the Trial Court, which may accept or reject medical evidence in whole or in part, as the Trial Court deems appropriate.[8] In cases involving alleged on-the-job heart injury, as in other cases generally, the appellate court "neither weighs the evidence nor determines for whom the evidence preponderates, but reviews the entire record only to ascertain whether there is any reasonable evidence to sustain the order or award [and] review is confined to determining whether [the] award is sustained by any competent evidence."[9]

■ Under these authorities and the facts and circumstances of this particular case, we find Claimant's challenge to the sufficiency of the evidence unavailing. We initially observe that Claimant introduced otherwise competent medical evidence tending to show a compensable injury to heart, that Employer introduced facially competent medical evidence tending to support a conclusion of non-job-related causation, and that Claimant failed to demonstrate, either to the Trial Court, the Court *en banc* or to this appellate court, any readily apparently, vitiating and/or fatal defect in Employer's medical evidence.[10] Finding Employer's medical evidence competent, we therefore find competent evidence in the record supporting the factual determination of the Court *en banc* that Claimant's heart malady was not job-related, i.e., that Claimant's congestive heart failure did not arise out of and in the course of the employment, and we will not re-weigh the evidence, as (in essence) urged by Claimant.[11]

In his last proposition, Claimant asserts that the order of the Court *en banc* lacks sufficient specificity to allow for intelligent review. Hereunder, Claimant contends that the finding by the Court *en banc* of both legal and factual infirmity of the Trial Court's award is patently ambiguous, and that the matter should be remanded for further proceedings.[12]

law and is ... governed by the any-competent-evidence test.")

7. *K.P. Construction Co. v. Death of Parrent,* 562 P.2d at 503.

8. See, e.g., *Burns v. Yuba Heat Transfer Corp.,* 615 P.2d 1029 (Okl.1980); *Chas. Pierce Oil Co. v. Merriman,* 567 P.2d 991, 992 (Okl.1977); *City of Nichols Hills v. Hill,* 534 P.2d 931, 935 (Okl. 1976).

9. *K.P. Construction Co. v. Death of Parrent,* 562 P.2d at 503; *Parks v. Norman Muni. Hospital,* 684 P.2d at 552.

10. See, *Whitener v. South Cent. Solid Waste Auth.,* 773 P.2d 1248 (Okl.1989); *Labarge v. Zebco,* 769 P.2d 125 (Okl.1988); *Perlinger v. J.C. Rogers Const. Co.,* 753 P.2d 905 (Okl.1988); *Special Indemnity Fund v. Stockton,* 653 P.2d 194 (Okl.1982).

11. *K.P. Construction Co. v. Death of Parrent,* 562 P.2d at 503; *Parks v. Norman Muni. Hospital,* 684 P.2d at 552.

12. *Parks v. Norman Muni. Hospital,* 684 P.2d at 552 (where *en banc* order does not include "critical, statutorily-mandated panel determination that the trial judge's finding ... was against the clear weight of the evidence," order held facially defective, and matter remanded for further proceedings). See also, *Frair v. Sirloin Stockade,* 635 P.2d 597 (Okl.1981) (trial court required to make findings as to all injuries for which compensation is sought); *Bama Pie, Inc. v. Roberts,* 565 P.2d 31 (Okl.1977) (order determining degree of hearing impairment and capable of two constructions, one consistent and one inconsistent with statutory schedule of compensation, held lacking sufficient specificity to allow for intelligent review, and cause remanded for calculation of temporary total and permanent partial disability compensation); *Gleason v. State*

However, we find no fatal ambiguity or uncertainty in the order of the Court *en banc,* and reject Claimant's argument for at least two reasons. First, we deem it irrelevant to the appellate process whether the Court *en banc* determined either (1) that Claimant's injuries were not compensable as a matter of law, or (2) that Claimant's injuries were not compensable as a matter of fact, because a finding against Claimant on either issue is fatal to his claim.[13] Second, as in this case, where there exist independent legal and factual bases for action on a claim, we find the Workers' Compensation Court neither creates facial uncertainty nor commits reversible error by expressing conclusions of both law and fact, especially when Oklahoma's statutory Workers' Compensation scheme requires such findings/conclusions to be made.[14] We therefore find the order of the Court *en banc* sufficiently definite and certain to allow for intelligent appellate review, and reject Claimant's last allegation of error.

The order of the Workers' Compensation Court sitting *en banc* is therefore SUSTAINED.

ADAMS, P.J., concurs.

MacGUIGAN, J., not participating.

---

*Ind. Court,* 413 P.2d 536 (Okl.1966) (where order is ambiguous as to degree of impairment suffered, held, findings and conclusions of trial court too indefinite and uncertain for judicial interpretation); *LeFlore Cty. Wholesale Groc. v. Heavner,* 400 P.2d 167 (Okl.1965) (order held not too uncertain and indefinite for judicial interpretation as to extent of disability); *Reed v. City of Tulsa,* 397 P.2d 140 (Okl.1964) (order held ambiguous as to fact of injury and relationship thereof to employment, and cause remanded for further proceedings.)

13. *Alimenta, U.S.A. v. Sawyers,* 654 P.2d 660, 662 (Okl.App.1984) (if lower court reaches the correct result for the wrong reason, the order must be upheld); accord, *G.A. Mosites Co. of Ft. Worth, Inc. v. Aetna Cas. & Sur. Co.,* 545 P.2d 746 (Okl.1976).

14. 85 O.S.Supp.1986 §§ 3.6, 26.